# St. Louis & S. F. R. R. Co. v. Phillips.

*Injury to Servant.*

(Decided Feb. 2, 1910.   51 South. 638.)

1. *Appeal and Error; Assignment; Waiver.*—An assignment of error not insisted on in brief or argument is deemed to be waived.

2. *Same; Harmless Error; Pleading.*—Where the plea contains such substance that it may be amended so as to become a good plea, if defective originally, it is not error without injury to sustain a general demurrer thereto.

3. *Pleading; Injury to Servant; Complaint.*—One suing for damages for injury under section 1749, Code 1896, if a servant, may allege in the alternative, in the language of the statute, every negligence which the statute makes actionable, or he may select one on which he is willing to stand.

4. *Same; Demurrer.*—Where each ground of the demurrer is general it is properly overruled since, if the pleading is defective, the demurrer fails to properly point it out.

5. *Same; Defecting Pleading; Remedies.*—A plea is not subject to motion to strike if it contains sufficient of substance to be rendered good as a defense by amendment and hence, the remedy is by special demurrer to point out the defects in the plea.

6. *Master and Servant; Injury to Servant; Complaint.*—Where a complaint is grounded upon subdivision 1, section 1749, Code 1896, and contains a general allegation of defect in the language of the statute, and alleges the particular defect as a defect in the roadbed or track, it is sufficiently particular in the allegation of defects.

7. *Same; Contributory Negligence.*—A plea which states no facts showing a causal connection between the contributory negligence alleged and the injury, is demurrable.

8. *Same; Notice to Master*—A fireman on an engine knowing of a defect in the roadbed is not guilty of contributory negligence in failing to inform the engineer thereof, since the engineer is not his superior in the matter of keeping a proper roadbed.

9. *Same; Duty of Injured Servant to Remedy Defect.*—The locating of cars on track is not a part of the fireman's duty, and hence, where a car had been left by those superior in service to the fireman in such a position as to strike the fireman as the engine on which he was riding passed the car, the car constituted a part of the environment of which the railroad, through its employes superior to the fireman, was bound to take notice in the operation of the engine.

10. *Same; Defects; Notice to Master.*—Where the railroad or its employes superior to a locomotive fireman, knew of the defect, there was no duty on the fireman to give notice of such defect.

[St. Louis & S. F. R. R. Co. v. Phillips.]

11. *Same; Contributory Negligence.*—If it was the duty of the lo·comotive fireman to keep a lookout for obstructions on or in dangerous proximity to the engine on which he was riding, and he failed to keep such a lookout and was injured by a car in close proximity to the engine the master was not liable on account of having placed the car where it was standing.

12. *Same; Assumption of Risk; Staying in Service After Promise to Remedy.*—If an employe, while engaged in the service, acquires knowledge of any defects in the instrumentalities used, and acquires notice thereby of an increased risk of danger, and continues in the service without objection or notice to his employer, he assumes the increased risk; but he may continue in the service for a reasonable time after notice to the employer, relying on the promise of the employer to remedy the defect, and if the defect is not remedied within the proper time, his further continuance in the service is at his own risk.

13. *Same; Negligence of Fellow-Servant.*—While a locomotive fireman assumes the risk incident to his employment, he does not assume the risk of negligence of a fellow servant in handling the engine on which he was riding.

14. *Charge of·Court; Directing Verdict.*—The fact that a plea was proven without dispute does not warrant the giving of the affirmative charge as to a count which the plea did not purport to answer.

15. *Master and Servant; Injury to Servant; Instruction.*—Where the action is for injuries to a servant, an instruction is properly refused where it fails to hypothesize the causal connection between the alleged contributory negligence therein hypothesized, and the injury.

16. *Charge of Court; Directing Verdict.*—Where the evidence on any material issue raised by the pleadings, is in conflict, the affirmative charge cannot be properly given.

17. *Bills of Exception; Contents; Motion to Strike; Pleading.*—Where the pleadings are copied in the record, the bill of exceptions need not contain a copy of the pleadings, but is sufficient if it sets out the motion to strike the pleading and the ruling had thereon.

18. *Witnesses; Cross-Examination; Discretion of Court.*—The scope to be allowed in the cross-examination of a witness to test his recollection and knowledge is largely within the discretion of the trial court, and hence, a question asked a witness on cross-examination as to whether the track was laid of light rails, asked with a view of testing his recollection and knowledge of the matter, was within such discretion and not revisable.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by J. M. Phillips against the St. Louis & San Francisco Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 1 was as follows: "The plaintiff claims of the defendant $5,000 in damages, in this: At the time of the infliction of the injuries herein complained of, on, to wit, the 27th day of April, 1906, the defendant was engaged in operating steam locomotives, engines, and cars on its railroad in Walker county, Alabama; that plaintiff was in the employ of defendant on one of its locomotives, and while in the employment of defendant, and performing the duties incident to his said employment, plaintiff was struck on the head by a coke car, and his jaw was broken, and he was made sick and sore. (Here follows a catalogue of his injuries and special damages, coupled with the allegation that he is permanently injured.) All of said wrongs and injuries was suffered by the plaintiff by reason of a defect in the condition of the ways, works, machinery, and plant, used in or connected with the business of the defendant, to wit, a defect in the condition of the roadbed or railroad of defendant's railroad, which defect the defendant had negligently failed to remedy. Plaintiff avers that his said injuries and damages were caused at or near Dora, in Walker county, Alabama."

The demurrers to this count were numerous, and not necessary to be here set out. The following pleas were filed by the defendant: (2) "That plaintiff was guilty of negligence, which proximately contributed to his injury, in this: That he knew that the car upon the side track which struck him was in close and dangerous proximity to the track upon which the engine was passing, and he negligently failed to use ordinary prudence from being struck by said car, while the engine upon which he was riding passed the same." (4) "Defendant says that plaintiff was guilty of negligence, which proximately contributed to his injury, in this: That he was the fireman upon the switch engine at the time

of the injury, and that at the time of his injury it was his duty to keep a lookout for obstructions upon or in dangerous proximity to the engine upon which he was riding; but, neglecting this duty, he negligently failed to keep said lookout, and was thereby struck by a car which was in close proximity to the engine upon which he was at the time riding." (5) "Proximately contributory negligence, in this: That at the time of his injury the engine upon which he was riding was backing up, and that it was the duty of the plaintiff to keep an ordinary prudent lookout to discover obstructions upon or near the track in the direction in which the said engine was going, and as a proximate result thereof he was struck by a car standing on said track, and was thereby injured." (6) "Proximate contributory negligence, in this: That plaintiff knew of the defect or negligence causing his injury, and failed within a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master, and thereby proximately causing his injury." (7) "Proximate contributory negligence, in this: That plaintiff knew, or by the exercise of ordinary care and prudence could have known, of the defect or negligence causing his injury, and failed within a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master." (8) "Proximate contributory negligence, in this: That at the time the car upon the side track which struck plaintiff was placed in the position at which it was standing when plaintiff was struck, plaintiff knew where said car was placed, and thereafter passed the said car in the same position in which it was placed safely, by remaining in a safe position upon his engine; but thereafter, while passing said

car, the plaintiff negligently protruded his head or body from the engine upon which he was employed, and that while in this position he was struck and injured." (9) "Proximate contributory negligence, in this: That he negligently failed to keep a lookout for obstructions upon or near the track in the direction in which his engine was at the time moving, and he thereby came to his injury."

The demurrer to plea 2 was as follows: "It does not answer all it purports to answer. It is insufficient as an answer to count 1." To plea 4, the following demurrers: "It does not answer all it purports to answer. It is a mere conclusion of the pleader. It fails to show any proximate connection between the failure to keep a lookout therein averred, and the injury to the plaintiff." To plea 5: Same as 4. To plea 6: "It does not appear therefrom that any duty rested on the plaintiff to report any negligence to any one." To pleas 8 and 9: The same as 2. Separate demurrers to 9 the same as to plea 4. Replication 3 to plea 6 is as follows: "For further replication to plea 6, plaintiff says: That any defect or negligence within his knowledge was also known to the engineer of the said engine, in the service or employment of defendant superior to plaintiff, and he was not, therefore, required to report any such negligence or defect."

The third ground of demurrer thereto is: "Knowledge of the engineer of the defects, or negligence, did not excuse plaintiff from reporting the same."

The following charges were refused to the defendant: (1) "The court charges you that you cannot find for the plaintiff on account of the car being left where it was standing when the plaintiff struck it." (2) "The court charges you that you cannot find for the plaintiff on account of the rate of speed at which the engine was

running at the time he was hurt." (3) "I charge you that, if you are reasonably satisfied from the evidence that the plaintiff knew of the defect in the track or roadway, and failed for an unreasonable time to give information concerning it to some person superior to himself in the employment of the defendant, then you cannot find for the plaintiff on the count charging the defect in the condition of the track or roadway." (4) Affirmative charge as to the fifth count. (5) "If you believe from the evidence that plaintiff negligently failed to keep a lookout for obstructions upon or near the track in the direction in which the engine was moving, you cannot find for the plaintiff on account of the position of the car on the adjoining track." (6) General affirmative charge. (7) Affirmative charge as to the first count. (8) Affirmative charge as to the second count. (9) "The court charges you that, if you believe from the evidence that at the time of his injury it was plaintiff's duty to keep a lookout for obstructions upon or in dangerous proximity to the engine upon which he was riding, but that he failed to keep said lookout, and was thereby struck by a car which was in close proximity to the engine upon which he was at the time riding, you cannot find a verdict for the plaintiff on account of the placing of a car where it was standing." (10) "If the jury believe from the evidence that the plaintiff had knowledge of the defective condition of the roadway or track, and of the dangers of riding over the same on an engine, and the plaintiff continued to ride over the same on an engine until he was hurt, you cannot find a verdict for the plaintiff on account of the defective condition of the roadway or track." (1) "The court charges you that the plaintiff assumed all risk and damages incident to working on a locomotive engine."

BANKHEAD & BANKHEAD, for appellant.—No brief came to the Reporter.

G. O. CHENAULT and W. L. CHENAULT, for appellee. —The 1st count was good.—*Conrad v. Gray,* 109 Ala. 130. The 2nd count followed the wording to the statute.—Subd. 5, Section 3910, Code 1907. Counsel discuss other assignments of error relative to the pleas, but without citation of authority. They insist that the motions to strike such pleas cannot be considered for the reason that while the motion to strike and the action thereon is set out in the bill of exceptions, the pleas are not therein set out.—*Harrison v. Ala. Mid.,* 145 Ala. 246; *Aetna L. I. Co. v. Lesseter,* 45 South. 166; *Rodgers v. Wallace,* 47 South. 1005. Counsel discuss assignments of error relative to charges, but without citation of authority.

EVANS, J.—Appellee brought suit against appellant for damages for personal injuries. Appellee was a locomotive fireman in the employ of appellant in Walker county, Ala., at the time of the injury complained of. The suit was brought under section 1749 of the Code of 1896. There are 30 assignments of error by appellant to the rulings of the court below. In his brief appellant does not insist upon assignments 1, 2, 3 (3a), 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17; and 22. We therefore, treat those assignments as waived.

The demurrer to first count was properly overruled. Said count, as to its general allegation of defect, was in the language of the statute under which the suit was brought; and was, therefore, sufficient. After the general allegations of defect, in accordance with the language of the statute, the particular defect counted upon is alleged as follows: "A defect in the roadbed or

track of defendant railroad." Under the authority of *Jackson v. Cunningham,* 141 Ala. 206, 37 South. 445, that was a sufficient allegation of the particular defect. The negligence counted upon in said count was as follows, after naming the defect: "Which defect the defendant had negligently failed to remedy." This allegation of negligence is one of several acts of negligence, which the statute, by its terms, makes actionable. It was, therefore, sufficient. The plaintiff might have alleged in the alternative, in the language of the statute, every negligence which the statute makes actionable; or he might select one, if he is willing to stand upon that one, as was done in this case. If count 1 was subject to either ground of demurrer, it was to the third ground, and that was cured by the subsequent amendment.

The demurrers to pleas 2 and 8 as answers to count 1 were general demurrers. Each ground assigned was general. For this reason, if for no other, the demurrers should have been overruled. If there was a defect in either of said pleas, it was not pointed out by the demurrers. The substance of each plea is such that, if defective, it could have been amended so as to make it a good plea. We cannot, therefore, say that it was error without injury to sustain said general demurrers. The court, therefore, erred in sustaining said demurrers.—*Shahan v. A. G. S. R. R. Co.,* 115 Ala. 190, 22 South. 449, 67 Am. St. Rep. 20.

We are of opinion that the demurrers to pleas 4, 5, and 9 were properly sustained. There were no facts stated to show any causal connection between the negligence alleged and the injury.—*Osborne, Adm'x, v. Ala. Steel Co.,* 135 Ala. 575, 33 South. 687; *Tenn. Coal & Iron Co. v. Herndon,* 100 Ala. 451, 14 South. 287; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21.

The third ground to replication No. 3 to plea No. 6 should have been sustained, as the engineer was not superior to the fireman in the matter of keeping a proper roadbed. As this was outside the duty of either the fireman or engineer, there could be no question of superior or inferior between them in reference thereto.

On cross-examination of defendant's witness John Bottoms, the plaintiff asked the said witness the following question: "Is it a fact that the track is laid out of light rails?" The defendant objected to the question upon the general grounds that it called for irrelevant, immaterial, and illegal evidence. The court overruled the objection, and the defendant excepted. The scope which the cross-examination of a witness may take to test his recollection and his knowledge of the matter being inquired into is largely within the discretion of the trial court.—*Tobias & Co. v. Treist & Co.,* 103 Ala. 670, 15 South. 664; *Noblin v. State,* 100 Ala. 13, 14 South. 767; *Rhodes Fur. Co. v. Weeden,* 108 Ala. 252, 19 South. 318. There was no reversible error in allowing said question to be asked. In fact, we are of opinion that the questions was, on cross-examination, entirely permissible, and the court committed no error in allowing the same over the objection of defendant.

The twenty-fourth, twenty-fifth, and twenty-sixth assignments of error are to the ruling of the court in striking pleas 3, 7, and 12, upon motion of plaintiff. It is insisted by counsel for appellee that the action of the trial court cannot here be considered for the reason that these pleas are not set out in the bill of exceptions. We concede that such was the effect of the ruling of this court in the case of *Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 167, 15 L. R. A. (N. S.) 252. In several other decisions of this court, where this question was not squarely before the court, it is intimated

that it is necessary, where motion is made to strike a pleading from the file, that the motion, pleading, and the ruling of the court thereon must appear in the bill of exceptions before this court can consider the same. But, upon careful consideration of this question, we are of the opinion that, where the bill of exceptions sets out the motion and the ruling of the court thereon, it is not necessary to copy the pleading into the bill of exceptions, provided the pleading is copied in the record, as it should be, and is sufficiently designated in the motion, so that there can be no doubt as to the particular pleading which the motion asks to be stricken. We therefore overrule the case of *Aetna Life Ins. Co. v. Lasseter*, 153 Ala. 630, 45 South. 167, 15 L. R. A. (N. S.) 252, so far as this rule is concerned, and confine the other cases to the facts of those cases, where this question does not directly appear, and which intimate that pleadings must, in all cases, be set out in the bill of exceptions, where motion has been made to strike them, before this court can consider them.

The motion to strike pleas 3, 7, and 12 should have been overruled, as they were neither unnecessarily prolix, irrelevant, nor frivolous. If the facts stated in these pleas were insufficient, in law, to constitute a valid defense to the action, it was the office of a special demurrer to point out the defect, and, by so doing, inform the pleader wherein the insufficiency existed, thereby affording an opportunity of amendment."—*A. G. S. R. Co. v. Clark*, 136 Ala. 461, 34 South. 920. These pleas were evidently bad, but not subject to motion to strike. The plaintiff should have pointed out the defect by demurrer, so that the defendant might amend if he saw proper.

Charge 1 was defective and was properly refused. The locating of the cars upon the side track was not,

according to the evidence, a part of plaintiff's duty. The car having been left as it was, by those superior in service to plaintiff, constituted a part of the environment, of which defendant, through its employes superior to plaintiff, was bound to take notice in operating said engine. An act which might not have been dangerous, or even negligent, but for said car being so placed, might become highly dangerous and negligent with said car so placed.

Charge 2 was properly refused, as it was for the jury to determine whether, under all the circumstances, it was negligent conduct on the part of the engineer to run the engine at the rate of speed it was run.

Charge 3 was defective because, if defendant or its employes who were superior to plaintiff knew of the defect alleged, it was unnecessary, by the terms of the statute, for the defendant to give them notice thereof. It was, therefore, properly refused.

Charge 5 was defective in that it hypothesized no causal connection between the alleged negligence of plaintiff and the injury received by him, and was, therefore, properly refused.

Charges 4 and 8 were properly refused, as the evidence was in conflict upon the issues raised upon the pleadings to counts 2 and 5.

Charge 9, when considered in connection with plea 14, should have been given, as it hypothesizes the substantial averments of said plea.

Charge 10 was bad for the reason that, as a matter of law, the charge states the proposition of assumption of risk by plaintiff too broadly. In the case of L. & N. R. R. Co. v. Stutts, 105 Ala. 376, 17 South. 31 (53 Am. St. Rep. 127), it is said: "If the employe while engaged in the service acquires knowledge of any defects in the materials, machinery, or instrumentalities used,

and notice thereby of an increased risk of danger, and afterwards continues in the service, without objection or notice to the employer, he assumes the increased risk himself; but he may notify the employer of the defect, and continue in the service for a reasonable time, relying upon the promise of the employer to remedy the defect. Yet, if the defect is not remedied within the promised time, his further continuance in the service is at his own risk, and he is guilty of contributory negligence." On comparing this charge with the law as just quoted, it will be seen that the charge is too broad. The law as stated shows that there is a condition under which an employe might continue for a reasonable time after discovery of defects without assuming the extra risk.

Charge 11 was too broad in its statements, or, at least, misleading; and was properly refused. He undoubtedly assumed the risk incident to his employment, but his was not the only employment on the engine. Nor did he assume the risk of negligence of a fellow servant in handling the same.

The appellant insists that the affirmative charge should have been given at the request of appellant because, as he says, plea 13 was proven without dispute. It is sufficient answer to this argument to say that plea 13 did not purport to answer count 1 of the complaint. It was therefore properly refused.

For the errors pointed out, the cause is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.