(79 South. 389)

LOWERY v. MUTUAL LOAN SOC., Inc.
(6 Div. 741.)

(Supreme Court of Alabama. May 30, 1918.)

1. CONTRACTS &#8660;259—RESCISSION—FRAUD—RECOVERY OF CONSIDERATION.

A party, who has been induced to enter into a contract by material misrepresentations of the other party, may, if he acts with reasonable promptness upon the discovery of the fraud, rescind the contract in toto, and recover whatever consideration he has parted with.

2. FRAUD &#8660;31—MISREPRESENTATIONS—RIGHT OF ACTION—DAMAGES.

Where a person has been induced to enter into a contract by material misrepresentations of the other party, instead of rescinding contract and recovering consideration, he may stand on the contract and recover the damages resulting from the fraud.

3. CONTRACTS &#8660;274—RESCISSION—EFFECT.

Where an action is brought on a contract that had been procured through material misrepresentations by plaintiff, defendant can defeat a recovery by pleading and showing an effective rescission.

4. SET-OFF AND COUNTERCLAIM &#8660;27(1)—RECOUPMENT OF DAMAGES FOR FRAUD IN ACTION ON CONTRACT.

A party, who has been induced to enter into contract through material misrepresentations, when sued thereon, may defeat or mitigate recovery by pleading and showing the fraud and the damage resulting therefrom.

5. CONTRACTS &#8660;98—VALIDITY—RESCISSION.

A contract procured through material misrepresentations is valid and binding, unless and until it is duly rescinded.

6. BILLS AND NOTES &#8660;103(1)—NECESSITY OF DAMAGE.

Fraud is no defense in action on note, unless damage has resulted therefrom.

7. PLEADING &#8660;8(20)—CONCLUSIONS—DAMAGES.

An allegation that defendant was induced by alleged fraud to sign the note, "to his injury and damage," is not sufficient to show that defendant had sustained any substantial loss from the fraud.

8. EVIDENCE &#8660;113(4)—RELEVANCY—SUBSCRIPTION BLANK—STOCK BOOK—PAR VALUE OF STOCK.

In action on note executed in payment of subscription for stock of plaintiff company, where defendant claims he executed note, relying upon fraudulent representations as to par value of the stock, the stock subscription blank used by plaintiff, a stock certificate issued to third person about the time of defendant's subscription, and plaintiff's stock book are relevant and competent to show prima facie par value of the stock.

9. EVIDENCE &#8660;142(1)—RELEVANCY—STOCK CERTIFICATE—PAR VALUE OF STOCK.

In action on note executed in payment of subscription for stock of plaintiff company, where defendant claims he executed note, relying upon fraudulent representations as to par value,

---

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a stock certificate, issued to third person about the time of defendant's subscription, is relevant and competent to show prima facie par value of the stock.

**10. APPEAL AND ERROR ☞1056(6)—REVIEW—HARMLESS ERROR.**

In action on note executed in payment of stock subscription, where defendant pleaded fraud and misrepresentation as to par value of stock, the exclusion of stock subscription of third party, offered to show par value of the stock, was harmless, where defendant's failure to show damage resulting from such fraud entitled plaintiff to a general affirmative charge as to such defense.

**11. TRIAL ☞46(2)—RECEPTION OF EVIDENCE—RELEVANCY OF STOCK BOOK—PAR VALUE OF STOCK.**

A stock book of a corporation, offered in evidence to show par value of its stock, was properly excluded, where the relevancy of such stock book had not been shown by a statement of its contents.

**12. TRIAL ☞312(1)—CHARGING JURY AFTER DELIBERATIONS—DISCRETION OF COURT.**

Where jury, after several hours' deliberation, asks judge to further read the law which he had read them in his charge, compliance with so general a request was discretionary with the judge.

**13. APPEAL AND ERROR ☞1069(3)—HARMLESS ERROR—INSTRUCTIONS TO JURY AFTER SUBMISSION OF CAUSE.**

Where jury, after several hours' deliberations, asks judge to further read the law which he had read them in his charge, refusal to comply with so general a request was not prejudicial error.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action in assumpsit by the Mutual Loan Society, Incorporated, against J. T. Lowery. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The note, the basis of the suit, was executed by defendant in payment of his subscription for 50 shares of the capital stock of the plaintiff corporation, to be issued when the note was paid. Pleas 3 and 4 aver that the note was void, and of no effect, because defendant was induced to subscribe for the stock by the false representation of plaintiff's selling agent (in the third plea) that it was guaranteed by the company to pay the holder 8 per cent. a year on its par value, and that this guaranty is expressed in writing on the certificate for stock issued, and (fourth plea) that the stock had a par value of $12.50 per share, whereas, in fact, its par value was $10 a share. Neither plea alleges a rescission of the subscription or purchase, or any damage to defendant by reason of the alleged false statement. Plea 5 is as follows:

Defendant says that the note sued on was executed by him on the representation of R. Y. Kay that the company the plaintiff in this suit, which he was then representing in selling its stock, would pay an 8 per cent. dividend upon the par value of its capital stock per annum, and that the par value of its capital stock was $12.50 per share, and upon said representations defendant was induced to sign the notes sued on. Defendant avers that said representations made to him by said Kay were willfully to deceive, or recklessly made without knowledge, and acted on by defendant to his hurt in the execution of the note sued upon.

Plea 6:

Defendant says the note sued on, and which he was induced to sign as the result of the representation of one R. Y. Kay, who was then acting for plaintiff, and who represented defendant while acting for plaintiff, by mistake and innocently, that the par value of the capital stock of plaintiff was $12.50 per share, and that said R. Y. Kay, while acting for plaintiff by mistake and innocently, made the foregoing representation to defendant, and that defendant acted on such representation, and was thereby induced to sign the note sued upon, to his injury and damage.

Demurrers were interposed to pleas 3, 4, and 6, but sustained only as to plea 3. Pleas 7 and 8 set up the want of and the failure of consideration. The defendant's testimony supported the allegation of his pleas as to the statement of Kay, and tended to show that these statements induced him to purchase the stock. He testified, further, that he signed his subscription in duplicate on May 18, 1912, and that his copy was lost, and that he did not recall that he read the duplicate kept by Kay (which he put in evidence), and which recited that the par value of each share was $10, and that his copy had the figures $12.50 stamped over the printed figure of $10, as printed in Kay's copy, and that he did not learn that the par value of the stock was $10, or that it did not guarantee on the certificate the payment of 8 per cent. dividend per annum, until about the maturity of his note; that he then went to the company and offered to give them the $50 he had paid, if they would release him and return his note; and that they refused to do this. In order to show that plaintiff's stock issued was in fact the par value of $10, defendant offered in evidence a duplicate subscription to said stock on the same blank form as defendant made by one Swann on July 15, 1912, and also Swann's stock certificate issued on the same day. Both documents described the stock as of the par value of $10, and the certificate recited that the holders of the preferred stock shall be entitled to receive, when and as declared from the surplus or net profits of the corporation, 8 per cent. dividends. Defendant also offered in evidence defendant's stock book. All these documents were excluded by the court on objection of plaintiff.

After the case had been submitted to the jury, and after they had deliberated for several hours, they came back into open court and asked the court to further read the law which the court had read to the jury in its said charge; the court, plaintiff, and defendant all being present. The court refused to do this, and defendant duly excepted. After verdict and judgment for plaintiff, defendant moved for a new trial, on the ground that there was error in the ruling above shown, and on the further ground that the court erred in its failure to have its general

charge taken down by a court reporter, or to put the charge in writing, as to which matter the record is silent, which motion was over-ruled.

Arthur L. Brown, of Birmingham, for appellant. London, Yancey & Brower, of Birmingham, for appellee.

SOMERVILLE, J. [1, 2] It is elementary law that one who has been induced to enter into a contract by the material misrepresentations of the other party may, if he acts with reasonable promptness upon the discovery of the fraud, rescind the contract in toto; and, if he has parted with any consideration, he may recover it by suit, or he may stand upon the contract, and recover for damages resulting from the fraud.

[3-5] Or, if sued for the consideration promised, he may defeat a recovery by pleading and showing an effective rescission; or, without rescinding, he may defeat or mitigate the recovery, by pleading and showing the fraud and the damage resulting. 9 Cyc. 432, b. But, in any case, the contract is valid and operative, unless and until it is duly rescinded. 9 Cyc. 431, 3.

None of the several pleas interposed by defendant suggests a rescission by him of his contract of subscription to plaintiff's capital stock. They must, therefore, be treated as pleas of recoupment only:

Although the minute entry recites that demurrers were interposed to all of the special pleas, the only demurrers shown by the record are to pleas 3, 4, and 6, and demurrer was sustained only to plea 3.

[6, 7] Plea 3 was clearly bad, in not showing that defendant suffered damage by reason of the fraud alleged; and, although plea 6 declares that defendant was induced by the alleged fraud to sign the note, "to his injury and damage," this was not sufficient to show that defendant had sustained any substantial loss by reason of the misrepresentation complained of. Moore v. Westinghouse E. & M. Co., 112 Ala. 452, 20 South. 487. The demurrer should have been sustained to pleas 4 and 6 also.

However, issue was joined on pleas 4 to 8, inclusive, and the record limits us to a consideration of the rulings of the trial court in excluding certain evidence offered by defendant in support of these pleas.

[8, 9] We think the printed subscription blank used by plaintiff company, and the stock certificate issued to a third person about the time of defendant's subscription, were relevant and competent to show, prima facie, that the par value of plaintiff's stock issue was and is $10; and plaintiff's stock book, if it had been made to appear that it would have so shown, was admissible for the same purpose.

[10] However, when fraud is relied upon, whether as the basis for an action in deceit, or as a defense to recoup damages, or to avoid the contract entirely, it is without legal effect, in the absence of proof that the fraud relied upon resulted in some injury. Bomar v. Rosser, 131 Ala. 215, 31 South. 430. The bill of exceptions does not show that any evidence of such resulting damage was offered by defendant, and the trial judge might well have given for plaintiff the general affirmative charge as to pleas 4, 5, and 6. Hence, if there was error in excluding the stock certificate of Swann, it was error without injury.

[11] For the same reason, there could have been no prejudicial error in excluding plaintiff's stock book, even if its relevancy had been shown by a statement of its contents, which not being done, its exclusion was proper.

[12] It was a matter within the discretion of the trial judge whether he should "further read" to the jury at their request the law of the case which he had already read to them. For his refusal to respond to so general a request, prejudicial error certainly cannot be declared.

The record does not show that the oral charge was not taken down and reduced to writing by the court reporter, and no question is presented thereon.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.