(101 South. 595)

MANN et al. v. BUTCHER. (6 Div. 219.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. **Assignments ⬦131—Complaint by assignee of claims for work and labor and on account held sufficient.**

Complaint by plaintiff, as assignee, alleging claims for work and labor performed at defendants' request, and for amount due on account, were assigned to plaintiff, of which assignment defendant had notice, *held* sufficient, under Code 1907, §§ 2489, 5382, form No. 11.

2. **Trial ⬦143—Where evidence conflicting, general affirmative charge properly refused.**

Where evidence on material matters was conflicting, general affirmative charge with hypothesis requested by defendants was properly refused.

3. **Trial ⬦240—Work and labor ⬦30(3)— Defendants' requested charge to find for defendants, if work not done in conformity with contract, held misleading and argumentative.**

In action for work and labor by assignee of claim, charge that if work did not comply with contract finding should be for defendants, for such amount as defendants had expended to make it conform to contract, *held* misleading and argumentative, since it failed to state defendants would be entitled to reasonable compensation only, if work done and material furnished was necessary.

4. **New trial ⬦70—Motion for new trial properly overruled, when verdict sustained by evidence.**

Where there was ample evidence to sustain verdict, motion for new trial was properly overruled.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by F. E. Butcher, doing business as the Butcher Tool & Hardware Company, against Mann Bros., a partnership composed of Felton and Ed Mann. From a judgment for plaintiff, defendants appeal. Transferred fom Court of Appeals, under Acts 1911, p. 449, § 6. Affirmed.

The complaint is as follows:

"The plaintiff, as assignee of Wm. Spencer, for a valuable consideration claims of the defendant the sum of, to wit, four hundred and four dollars ($404), with interest from, to wit, September 23, 1922, due plaintiff by the defendants for work and labor done by the said William Spencer, for the defendants during the said year of 1922, at their request, which claim for work and labor was duly assigned and transferred to the plaintiff by William Spencer for a valuable consideration, and the said defendants have notice of said transfer and assignment, which said account or sum of money is the property of the plaintiff, is due and unpaid.

"Count 2. The plaintiff, as assignee of Wm. Spencer, for a valuable consideration claims of the defendants the sum of, to wit, four hun-dred and four dollars ($404), with interest from, to wit, September 23, 1922, due plaintiff by the defendants by an account between the defendants and William Spencer on, to wit, September 23, 1922, which said account was duly assigned and transferred to plaintiff for a valuable consideration, and of which transfer and assignment the defendants had notice, which said account or sum of money is the property of the plaintiff, is due and unpaid."

The charge refused to defendants, and made the basis of assignment 13, is as follows:

"I charge you, gentlemen of the jury, under the evidence in this case, if you are reasonably satisfied that the work done, the compensation for which is the basis of this suit, was not done in accordance with the contract in every particular, as contracted for, you would be authorized to find for the defendant such amount as had been shown to you by the evidence that defendant had done to make it conform in every particular to the contract."

Thompson & Thompson, of Birmingham, for appellants.

Counsel argue that the counts are deficient, and cite Phillips v. Sellers, 42 Ala. 658; Bohanan v. Thomas, 159 Ala. 410, 49 So. 308; 5 C. J. § 249.

F. D. McArthur, of Birmingham, for appellee.

The counts are good. Code 1907, § 5382, form 11. There was evidence tending to establish plaintiff's case, and the affirmative charge was properly refused. So. States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

MILLER, J. This is a suit by F. E. Butcher, doing business as Butcher Tool & Hardware Company, against Mann Brothers, and the individuals composing the partnership, for work and labor done by one William Spencer for the defendants, and on account between defendants and William Spencer, which claim for work and labor, and the account were duly transferred and assigned to the plaintiff by William Spencer.

The case was tried by a jury, they rendered a verdict in favor of plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendants.

[1] There are two counts in the complaint. Each was amended. The court overruled demurrers to each as amended. Count 1 is a claim for work and labor done by William Spencer for the defendant, and count 2 is a claim for an amount due William Spencer by the defendant on account. Each count by averments sufficiently complies with the statute (section 2489, Code 1907), and follows substantially the form, No. 11, approved by the statute (section 5382, Code 1907). These counts were not subject to the grounds of demurrer assigned to them. The former avers the claim for work and

labor, and the latter the account was duly assigned and transferred to plaintiff for a valuable consideration, and defendant had notice of the transfer, and each avers said account or sum of money is the property of plaintiff, and is due and unpaid. It is true each count states plaintiff, "as assignee of William Spencer, for a valuable consideration claims of the defendant." This, when taken in connection with the entire count, merely tends to show the source of the title and right of plaintiff to the debt sued for. The court did not err in overruling the demurrers to these counts as amended. Authorities, supra.

The defendant pleaded general issue, with leave to give in evidence any matter that would be admissible in defense, set-off, and recoupment of the action, to have effect as if so pleaded; and with leave for plaintiff to give in evidence any matter which would be admissible in reply to such defensive matter.

The defendant had a contract with the city of Birmingham to repair the North Birmingham school, under the supervision of Warren, Knight, and Davis, architects; the work to be done and materials to be furnished according to plans and specifications mentioned in the contract. William Spencer agreed with defendants to furnish labor and material for painting the North Birmingham school and execute the work as per plans and specifications for the sum of $1,250. During the progress of the work, defendants paid him the sum of $600 in money on this contract. He owed plaintiff the sum of $600, and in part payment thereof, on September 23, 1922, gave plaintiff this order on the defendants:

"Mann Bros. Contracting Co.: Please pay Butcher Tool & Hardware Company balance on North Birmingham school for William Spencer painting contract when job is accepted by architect, which balance will be, after the date, $404.          [Signed] William Spencer."

The plaintiff gave William Spencer credit for this amount on his account. This order was presented by plaintiff to the defendants, and they wrote the following thereon:

"If the above amount is not right, will notify Monday   We agree to pay balance coming to William Spencer to Butcher Hardware Company when job accepted by architect.
   "[Signed] Mann Bros., by Ed Mann."

There was evidence that William Spencer had not completed the job, and that plaintiff completed it for him, and the balance due William Spencer under the contract which belonged to the plaintiff was about $400. There was evidence that the architects "accepted the completed work as satisfactory," and the defendants were paid for it.

[2] The evidence for the defendants tended to show that William Spencer failed to complete the painting contract according to the plans and specifications; that they purchased and paid for material to complete the job, and employed and paid workmen to perform the labor; and the reasonable cost of material furnished and cost of the labor to do the unfinished work exceeded the balance due William Spencer by the defendants, under their contract with him; that the painting job was never completed according to contract; and they owed William Spencer nothing. There is ample evidence tending to establish plaintiff's cause of action. The evidence was in direct conflict on some material matters at issue, and the general affirmative charge, with hypothesis, requested by the defendants in their favor, was properly refused by the court. Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, headnote 14, 74 So. 63.

[3] Written charge, requested by defendants and refused by the court, set out in assignment of error No. 13, was properly refused. It is misleading and argumentative. It assumes too much and fails to state if the work done and material furnished were necessary, and fails to state defendants would be entitled to reasonable compensation for the necessary labor and material furnished by them to complete the contract of William Spencer, according to the plans and specifications.

There are some rulings of the court, on the admission and exclusion of testimony, to which the defendants reserved an exception, and which are assigned as errors. An examination of these rulings, in consultation, shows no reversible error, if error at all, was committed by the court. A detailed discussion of them would be of no benefit, and we are convinced the rights of the defendants were not injured by any of them.

[4] The motion for new trial was properly overruled by the court. There is ample evidence to support and sustain the verdict of the jury, and it does not appear to be wrong or unjust. Jena Lumber Co. v. Marlowe Lumber Co., 208 Ala. 385, 94 So. 492.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.