## WILLINGHAM v. WESLEY HARDWARE CO.

### 7 Div. 184.

Supreme Court of Alabama.

June 29, 1933.

Rehearing Denied Sept. 28, 1933.

282

Knox, Dixon & Dixon, of Talladega, for appellee.

J. J. Cockrell and Obe Riddle, both of Talladega, for appellant.

KNIGHT, Justice.

 Suit by appellee upon an account, which is in Code form, and under our uniform rulings was not subject to defendant's demurrer. Code, § 9531; Mann v. Butcher, 211 Ala. 669, 101 So. 595.

■ The plaintiff's replications 1 to 4, inclusive, were neither frivolous nor irrelevant, and therefore the court properly overruled defendant's motion to strike the same. Motion to strike is not the proper method of testing the sufficiency of a plea or replication. John Dodd Wholesale Grocery Co. v. Burt, 225 Ala. 438, 143 So. 832; Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 So. 386; Alabama G. S. R. Co. v. Clark, 136 Ala. 450, 461, 34 So. 917; Mobile Electric Co. v. Sanges, 169 Ala. 341, 349, 53 So. 176, Ann. Cas. 1912B, 461; Owensboro Wagon Co. v. Hall, 149 Ala. 210, 43 So. 71; St. Louis & S. F. R. Co. v. Phillips, 165 Ala. 504, 51 So. 638.

After his motion to strike plaintiff's replications had been overruled, the defendant filed a demurrer to each of said replications. The first three replications are but general denials of the defendant's pleas, and joining issue thereon.

■ We construe defendant's fourth, fifth, sixth, seventh, and eighth pleas as pleas in recoupment. Similar pleas were before this court in the case of Grissom v. J. B. Colt & Co., 218 Ala. 336, 118 So. 580, 582, and we there held that they were to be treated as pleas of recoupment and not in rescission for fraud.

In the Grissom Case, supra, we held:

"But the defrauded purchaser is not confined to his remedy by way of rescission. He may affirm the contract and upon being sued for the purchase price set up the fraud by plea of recoupment and then abate the price agreed to be paid. Fuller v. Chenault, supra [157 Ala. 46, 47 So. 197]; Eagan v. Johnson, supra [82 Ala. 233, 2 So. 302]; 2 Williston on Sales, §§ 645, 646. 'He is not required, * * * to demand a rescission. He may keep the property, and claim damages for the imperfection or deficiency, either by way of recoupment, or by separate action, if necessary or advisable.' * * *

"The plea makes no reference to rescission or any repudiation of the contract. In the case of Lowery v. Mut. Loan Soc., 202 Ala. 51, 79 So. 389, this court considered pleas of similar character, and concluded they were properly to be construed as pleas of recoupment."

Whether these pleas of defendant were sufficient in averment, we are not now required to determine, as the court, against plaintiff's demurrer, held the same to be good.

■ The plaintiff's counsel evidently construed these pleas to set up a rescission of the contract, and filed thereto special replications 3 and 4. Replication No. 3 avers in effect that the defendant kept and used the property for a period of two years, with full knowledge all the while "of the matters and things set up in the plea," and upon which he based the defense of "misrepresentation and breach of warranty, and that he (defendant) thereby waived his right to interpose" said defense to the suit. Replication 4, in addition to the above averments, also avers that with full knowledge of the facts relied on to defeat the action, the defendant admitted the correctness of the account to plaintiff, and agreed to pay the same, and did thereafter use the property for a period of two years, and thereby waived his right to "set up as a defense said alleged matters and things as averred and alleged in said plea."

We do not think, for aught averred in plaintiff's replications 3 and 4, that the defendant waived any right he may have had to claim, by way of recoupment, damages for the breach of the warranty in the contract of sale, or for the misrepresentation, if any, of plaintiff's agent in inducing the defendant to make the purchase. A different result, of course, would follow had the defendant's pleas set up a rescission of the contract.

In the case of Lowery v. Mutual Loan Soc., Inc., 202 Ala. 51, 79 So. 389, 391, this court, in an opinion by Justice Somerville, said:

"It is elementary law that one who has been induced to enter into a contract by the material misrepresentations of the other party may, if he acts with reasonable promptness upon the discovery of the fraud, rescind the contract in toto; and, if he has parted with any consideration, he may recover it by suit, or he may stand upon the contract, and recover for damages resulting from the fraud.

"Or, if sued for the consideration promised, he may defeat a recovery by pleading and showing an effective rescission; or, without rescinding, he may defeat or mitigate the recovery, by pleading and showing the fraud and the damage resulting. 9 Cyc. 432, b. But in any case, the contract is valid and operative, unless and until it is duly rescinded. 9 Cyc. 431, 3."

The plaintiff's third and fourth special replications did not traverse nor confess and avoid the issue presented by defendant's special pleas, and they were each subject to the demurrer addressed thereto. In overruling defendant's said demurrer, the court committed error. Authorities supra. This error would necessitate a reversal were it not for the omissions in the testimony hereinafter alluded to.

■■ No error was committed by the court in allowing plaintiff, over the objection of defendant, to read in evidence the itemized statement of the account. Whether the affidavit made by Mr. West, the manager, to the account was sufficient in not reciting knowledge of the correctness of the same, we need not determine, as no such ground of objection was assigned. Code § 7666; Farrell v. Anderson-Dulin-Varnell Co., 211 Ala. 238, 100 So. 205.

Many objections were made and exceptions reserved by the appellant on admission and

exclusion of evidence, and errors are here assigned to each adverse ruling of the court.

■ The following questions propounded by plaintiff on cross-examination of Mr. Willingham, the defendant, called for irrelevant and immaterial evidence, and should not have been allowed, viz.: "How many trucks or motor vehicles did you operate?" "How many automobiles do you have?" "In connection with your farming activities, did you have any occasion to buy gas for trucks or equipment on farm?" We do not see, however, that the answers given by the defendant, as a witness, prejudiced the defendant's case. We will not reverse the case therefore for these errors.

■ On the examination of the defendant, as a witness in his own behalf, he was asked by his attorney this question: "Did they tell you how much it would cost you to operate it?" The witness had answered: "They said it would be less than ice." Thereupon plaintiff objected to the question "as to ice." The court sustained the objection, and defendant duly excepted. It will be noticed that the witness (defendant) had answered the question when the objection was made. We do not think the objection, coming as it did after the question had been answered, should have been sustained, but in view of the fact that the witness had answered the question, and the evidence was before the jury, and not excluded, the defendant had the benefit of the answer.

We do not find any reversible error arising out of the admission and exclusion of evidence which would justify a reversal of the case.

■ The general rule as to measure of damages is the difference between the value of the article actually furnished the buyer and the value the article would have had if the article had the qualities which it was warranted or represented to have. Grissom v. J. B. Colt & Co., supra; 2 Williston on Sales, §§ 613 and 646; 13 Michie Dig. p. 1172; Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 So. 1015; Wilson v. New U. S. Cattle-Ranch Co. (C. C. A.) 73 F. 994; Chapman & Co. v. G. P. Dowling Hdw. Co., 205 Ala. 586, 88 So. 748.

The defendant has produced no evidence in this case which meets the above rule. It appears without dispute that he had been in possession of the property for two years at the time the suit was brought; that he had used and derived benefits from it. There is no proof in the record that it was worthless at any time.

■ Confessedly, the defendant owed part of the account sued on; he admits it in his testimony. The court properly gave at the request of the plaintiff written charges 1, 4, 5, and 12.

■ Charge 3, although probably abstract, asserts a correct proposition of law, and was given without error. Hodge & Williams v. Tufts, 115 Ala. 375, 22 So. 422; Southern States Fire & Casualty Ins. Co. v. De Long, 178 Ala. 110, 59 So. 61; Everett v. Pickens, 203 Ala. 322, 83 So. 33; Coleman v. Night Commander Lighting Co., 218 Ala. 196, 118 So. 377; City Tailors v. Gay, 207 Ala. 386, 92 So. 607; Parker v. Bond, 121 Ala. 529, 25 So. 898; Eagan Co. v. Johnson, 82 Ala. 238, 2 So. 302; Jemison v. Woodruff, 34 Ala. 143.

■■ If the giving of charges 13 and 14, under the facts in the case, was error, it was without injury, as the plaintiff was entitled to the affirmative charge for some amount. Likewise, charge 15 asserts a sound principle of law. If the defendant deemed it abstract, he should have asked for an explanatory charge.

■ Charge C (so numbered by us on the record) was refused without error, as it required a finding for the defendant in the case, if the machinery was kept by defendant at the request of plaintiff. There were items in the account the correctness of which was admitted by the defendant. Hence charge C was properly refused.

■ Charge A, refused to defendant, was an instruction that the plaintiff could not recover for the Kohler, Kelvinator and lighting system, unless the equipment "was installed by plaintiff and did operate satisfactorily to the defendant." This charge wholly pretermitted consideration of the fact that the defendant had used and enjoyed the benefits of said property for a period of two years, and the duty of the defendant to seasonably advise plaintiff that the property did not operate satisfactorily to him.

■■ In view of the fact that the plaintiff had filed a general replication to defendant's special pleas, denying the allegations thereof, the burden of proving these special pleas was upon the defendant, and until evidence was offered, from which the jury could ascertain the amount of defendant's damage, the plaintiff would not be put to proof of his special replications. Inasmuch as the defendant wholly failed to furnish competent evidence to establish any damages by reason of the alleged defects in the refrigeration plant, the insufficiency of the plaintiff's special replications was of no moment, and the error of the court in overruling defendant's demurrer thereto was error without injury. It only remains to be said that the court committed no error in overruling defendant's motion for a new trial.

The foregoing opinion demonstrates that

on the trial the court committed no reversible error, and the verdict of the jury is abundantly supported by the evidence. It follows that the judgment appealed from is due to be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.