PER CURIAM.
Appellants state two issues for review:
1. “Whether the royalty deed from the Peacocks to Ellis Energy, Inc., ... was ‘void’ because Ellis Energy, Inc., was a foreign corporation, which was not qualified to do business in the State of Alabama, at the time it allegedly acquired the royalty interest.”
2. “Whether the subsequent purchasers were ‘bona fide purchasers for value.’ ”
Issue No. 1: Because the instant action is not a suit on a contract by an unqualified corporation and thus does not invoke the prohibition of Code 1975, § 10-2-254, the judgment denying Plaintiffs’ prayer to void the deed of conveyance to Appellees’ predecessors in title is affirmed on the authority of First Bank of Russell County v. Wells, 358 So.2d 435 (Ala.1978); see, also, Sanjay, Inc. v. Duncan Construction Co., 445 So.2d 876 (Ala.1983).
Issue No. 2: Because the alleged misrepresentation of Appellees’ predecessors in title, if true, renders the deed merely voidable, and thus invokes the “bona fide purchaser for value” doctrine, the judgment is affirmed on the authority of Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865 (1972). See, also, Lowery v. Mu *398 tual Loan Society Inc., 202 Ala. 51, 79 So. 389 (1918).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.