HOGAN *VS.* THORINGTON.

1. The action for a false warranty, is intended, not so much to punish the seller, as to compensate the purchaser for any injury he may have sustained.

2. And in such cases, the measure of damages is the injury sustained by plaintiff, in consequence of the false warranty.

3. Where one warrants a slave to be sound, which was not so— but who afterwards recovered and became sound—the measure of damages, is, the sums paid for medical attendance, nursing, &c. which induced the recovery.

Error to Montgomery Circuit court.

Case for a false warranty, tried by Judge *A. Martin.*

The defendant in error brought an action in the Circuit court of Montgomery, to recover damages of the plaintiff, for having falsely warranted to be sound, a negro woman, which he had previously sold to him. The case was tried on the *general issue,* when the jury found a verdict for the plaintiff, for three hundred and seventy-two dollars.

At the trial, the presiding judge sealed a bill of exceptions, at the instance of the plaintiff, from which it appeared " that the plaintiff (defendant in error) proved the unsoundness of the negro at the time of the sale, in February, eighteen hundred and thirty-three; and that at that time, she was not worth one half as much as she would have been if sound; that the price paid by plaintiff for said slave was five hundred and fifty dollars.

"It was further proved, that since the sale to plaintiff,

Hogan *vs.* Thorington.

negroes had greatly increased in price, and that the slave in question had apparently recovered from her unsoundness.

"The defendant proved, that the plaintiff sold said slave for one thousand dollars, without any warranty of soundness.

"The defendant moved the court to charge, that if the plaintiff had realized from the sale of said slave, a greater amount than the purchase money, and the interest thereon, he was not entitled to recover; which charge, the court refused to give, but charged the jury, that they could not take into consideration, the amount the plantiff received; but that the true measure of damages was the difference between the real value of the slave, at the time of the warranty, and what would have been her value, if sound, with interest thereon. To which charge, the defendant excepted," &c.—and here assigned the same for error.

*Campbell*, for the plaintiff in error.
*Robert D. Thorington*, contra.

COLLIER, C. J.—The action for a false warranty is intended not so much to punish the seller, as to compensate the purchaser for any injury he may have sustained; and in order to a just admeasurement of damages, the proper inquiry in such a case is, what injury has the plaintiff sustained. The deterioration in value, by reason of unsoundness, or other defect, against which the defendant has stipulated, is only important, as furnishing a criterion of damages. What would be sufficient

to constitute unsoundness, and as such, a breach of the warranty, does not arise upon the record ; for it is admitted, that the slave was unsound at the time of the defendant's purchase.    Yet the evidence shows, that she had recovered, so far as appearance indicated the state of health, and had been sold by the defendant at a large advance on his purchase.    So that it would be obviously unjust to allow the defendant to recover damages, to the extent to which her value was supposed to have been impaired, by a disease, under which she labored at the time of his purchase, with interest on that sum ; unless he was placed in a situation so much more unfavorable than he would have been, had the slave been sound.— We think, both reason and authority would graduate the defendant's recovery by the injury he has suffered in consequence of the false warranty.—(Cozzins vs. Whitaker, 3 Stewart & Porter, 329 ; Weaver vs. Wallace, 4 Hals. R. 251 ; Egleston vs. Macauley, 1 McC. R. 379 ; Caswell vs. Coare, 1 Taunt. R. 566 ; 3 Starkie's R. 32.)

A plaintiff, in general, is entitled to recover for all losses resulting directly from a breach of the warranty ; so that, in some cases, he may recover even beyond the price he has paid for the thing warranted.—(Borradaile vs. Brunton, 2 Moore's R. 582 ; 8 Taunt. R. 535; Lightner vs. Martin, 2 McCord's R. 214.)    Thus, the purchaser of a slave, warranted sound, who has proven *entirely valueless,* is entitled to be reimbursed, not only the purchase money, but all proper expenditures for medical aid, &c.

To apply this reasoning to the case at bar, if the slave (though unsound at the time of the defendant's purchase) has been restored to health, so that the only inconveni-

Hogan *vs.* Thorington.

ence or loss sustained by that unsoundness, was the expense and trouble incurred by the defendant in curing her, to that extent should be his recovery. It is not for the plaintiff to object, that the defendant has been amply compensated by the increased price at which he sold the slave. This resulted, doubtless, from the demand, and of consequence, enhanced value of such property in market, at the two periods of the defendant's purchase and sale. The unsoundness of the slave, when the plaintiff parted with her, contributed nothing to such a result; she would have been sold for as much by the defendant had she then been sound, and no expenditure of money by him would have been necessary. It is then, clear, that the defendant has sustained a loss, by the breach of the plaintiff's warranty; or rather, has been prevented from realising the profit he was entitled to, by so much as the sums paid for medical attendance, nursing, &c. diminished it; and for this loss, he is entitled to recover.

The consequence is, that the judgment must be reversed, and the cause remanded.