RUSSELL & CO. v. McSWEGAN et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CONTRACTS—CONSTRUCTION—QUESTION FOR COURT.

Where a contract for the payment of commissions on sale of engines was free from ambiguity and clearly expressed the intention of the parties, it was improper to submit to the jury the nature of the contract made by the parties.

2. SAME—CONSTRUCTION.

Where plaintiffs wrote defendants that they would furnish engines on defendants' orders at the following discounts and terms for one year from August 1, 1891, to wit, 25 per cent. discount on single-valve engines from attached list, and agreed to refer to defendants all inquiries for engines, from certain states, such document did not constitute defendants plaintiffs' sales agents, but merely gave them the right to purchase at such discount within the specified localities.

Appeal from City Court of New York, Trial Term.

Action by Russell & Co. against Frank McSwegan and another. From a judgment in favor of defendants, and from an order denying plaintiffs' motion for a new trial, they appeal. Reversed.

See 79 N. Y. Supp. 440.

¶ 1. See Contracts, vol. 11, Cent. Dig. § 767.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

W. A. Ulman, for appellants.
Davenport & Bull, for respondents.

BLANCHARD, J.  The plaintiffs' claim is admitted.  The defendants' counterclaim is to the effect that:

"Heretofore, and on or about the 1st day of August, 1891, it was agreed by and between the plaintiffs and defendants that the defendants should undertake the agency for the sale of the engines of the plaintiffs, and upon such should be allowed a discount of 25 % from the list price on single-valve engines, and 20 % discount from the list price on 4-valve engines; and it was further agreed that such discount should be allowed to these defendants upon all sales of plaintiffs' engines made upon demand from New Jersey, the eastern half of New York, Connecticut, Rhode Island, Vermont, New Hampshire, and Philadelphia; that thereupon, in pursuance of said agreement, these defendants entered upon the sale and promotion and advertisement of the engines of the plaintiffs, and created in the territory above set forth a large demand for the same; that since the 1st day of August, 1891, said plaintiffs have sold, upon demand and inquiry from the territory aforesaid, a large number of said engines, upon which, by reason of the agreement hereinbefore set forth, the plaintiffs became and were indebted to the defendants for the discount of 30 % from the list prices of the engines so sold, to the amount of $13,127, no part of which has been paid, and all of which is now due and owing from the plaintiffs to the defendants."

Defendants introduced in evidence to support their claim of agency a document, the terms of which are as follows:

"Masillon, Ohio, August 1, 1891.

"To F. McSwegan & Son, 98 Liberty St., New York City—Gentlemen: We propose to furnish you automatic engines upon your order at the following discount and terms, same to continue in effect one year from August 1, 1891: Discount on single valve auto. engines, 25 % from attached list. All engines f. o. b. New York. Terms not longer than ninety days from date of shipment. We will refer to you all inquiries for engines from N. J., eastern half of New York, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire and Philadelphia.

"[Signed]                                    Russell & Co.   Gates."

This document is free from ambiguity, and clearly expresses the intention of the parties.  It is therefore difficult to conceive why the court at the trial deemed it necessary or proper to submit to the jury the question what contract did the parties make.  Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059.  The defendant testified that this document embraced the whole agreement with the plaintiff; that the defendants "went right along" under it.  "There was no new agreement.  The understanding was practically that this paper should be continued."  This document did not constitute the defendants the sales agents of the plaintiffs.  It merely indicated the defendants' right to purchase the plaintiffs' engines upon specified terms as to discounts from list prices, and within specified localities.  There is no proof of agency in the case, and the evidence fails utterly to support the defendants' counterclaim.  Plaintiffs' exceptions indicate numerous errors calling for reversal.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.  All concur.