[Stewart v. Riley & Johnson.]

# Stewart *v.* Riley & Johnson.

## *Deceit.*

(Decided November 7, 1914. 66 South. 488.)

1. *Fraud; Deceit; Evidence.*—Where the action was for breach of warranty and deceit in the sale of horses, as to their soundness, evidence of the age of the horses was admissible as bearing upon the extent of the unsoundness, and the extent to which it will affect or impair their value, although the action was not based on any representation as to their age.

2. *Same; Damages.*—A party induced to buy horses by false representation and a warranty as to their soundness was entitled to the difference in the actual value of the horses and their value as warranted or represented, regardless of a subsequent advantageous disposition of the horses by him, and evidence of such disposition was not admissible as a defense to his action for deceit.

3. *Same.*—Evidence as to the amount of land which a plaintiff obtained for horses was not admissible as fixing the value of the horses, where there was no offer to show the value of the land, the action being by plaintiff for deceit in the sale to him of such horses.

4. *Same.*—Where there was sufficient evidence that the injury or unsoundness of the horses existed before the trade was made, evidence as to their condition a day or two after the trade was admissible, notwithstanding the inquiry was as to their condition when the trade was made, their condition being practically the same when the witnesses saw them as when they were delivered.

5. *Same; Condition Precedent; Estoppel.*—Where a party exchanged an automobile for a team of horses, and took a check for the difference, he was not estopped from suing for breach of warranty or deceit by retaining or using the check or the horses, as the action was not for a rescission.

6. *Accord and Satisfaction; Part Payment; Estoppel.*—Where a check for the difference in the exchange of an automobile for two horses was made for $50 less than the amount for which it should have been drawn, plaintiff was not estopped or precluded by cashing the check, from recovering such $50.

7. *Appeal and Error; Harmless Error; Evidence.*—Where the action was for deceit and breach of warranty as to a team of horses exchanged in part payment for an automobile, any error in excluding a question to defendant as to whether the automobile was a twenty-six horsepower machine, was harmless, he being subsequently permitted to state without objection that it would only develop twenty horsepower.

APPEAL from Andalusia City Court.

Heard before Hon. W. L. PARKS, Special Judge.

Action by Riley & Johnson, a partnership, against B. C. Stewart, for deceit in the sale of horses, and assumpsit. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6 of Acts 1911, p. 450. Affirmed.

The counts of the complaint which went to the jury were:

(A) Plaintiffs claim of defendant $350 damages for deceit in the sale of two horses by defendant to the said firm of plaintiffs which defendant at the time of said sale knew·to be unsound.

(B) Same as to one horse.

(E) Plaintiffs claim of defendant the sum of $300 damages for a breach of warranty in the sale, trade, or exchange by defendant to the said firm of plaintiffs on, to wit, December 23, 1910, of two horses, which defendant then and there warranted to be sound, when in fact said horses were not sound, but that one of said horses was substantially blind in each eye, and the other said horse was crippled or cut on one of his front legs.

(F) Breach of warranty in the sale of a blind horse.

(G.) Breach of warranty in the sale of a crippled horse.

(H) Assumpsit for $50 claimed to be the balance due in the sale of an automobile, and not included in the payment as agreed.

The appellant complains of error in overruling its objection to the following question to the witness Johnson, "Now, Mr. Johnson, what did you find the proximate age of the mare to be when she reached Andalusia?" and the answer of the witness that the mare was not far from 12 years of age; also that the court erred in overruling objections of defendant to the following question to the witness Johnson: "Did you have

that check in your pocket?" also in sustaining objection of plaintiff to defendant's question to witness Knox as to how much land there was. Also overruling the objection of defendant to the question asked by plaintiff to the same witness: "Do you know the reasonable market value of these horses at the time you saw them, just after that trade, in the condition they were then in?" The other matters sufficiently appear.

J. MORGAN PRESTWOOD and HENRY OPP, for appellant.

ALLEN CRENSHAW, and A. WHALEY, for appellee.

ANDERSON, C. J.—The counts upon which this case proceeded are not upon the theory of a rescission of the trade as to the automobile, but for deceit and a breach of warranty as to the two horses traded as a part of the purchase price of the machine, with one count for $50, claimed to be omitted from the check given the plaintiffs by the defendant.

While the breach of warranty or deceit is not based on any representations as to the age of the horses, yet the age of same was a circumstance to be considered by the jury in determining the extent of the unsoundness and the extent to which it would affect or impair the value of the animals.

There is no merit in the objection of the defendant as to whether or not one of the plaintiffs had a check in his pocket when he had the conversation with the defendant. As above stated, this suit was not upon the rescission theory, and if said evidence was immaterial, it was of no detriment to the defendant.

There was no error in declining to let the witness Knox testify as to how much land the plaintiffs got

for the horses as they were entitled to the difference between the value of the horses warranted or represented and the value of those gotten, and whether they did or did not make a subsequent advantageous disposition of same had no bearing on the issue involved. Nor was it admissible as fixing the value of the horses, as there was no offer to show the value of the land.

There was no error in permitting the witnesses to testify as to the condition of the animals a day or two after the trade. True, the inquiry was the condition of the same when the trade was made, but there was evidence from which the jury could infer that the injury or unsoundness existed before the trade was made, and was practically the same when witnesses saw them as when delivered to the son of one of the plaintiffs. There was proof that the horse had bad eyes before the trade, and that the cut was on the mare previous to said sale. Moreover, some of the witnesses who examined her testified that it was an old cut.

Whether there was or was not error in declining to let the defendant be asked if the car was a 26 horse-power matters not, as he was subsequently permitted to state, without objection that it would develop 20 horsepower.

The oral charge of the court as to the measure of the plaintiffs' right to recover under the deceit counts was error, as they did not claim the value of the automobile or the purchase price of same, but only the difference in the value of the horses sold and the value of the ones delivered, but we think the verdict of the jury cured the error and showed that the error in said oral charge was not prejudicial to the defendant. If the trial court ignored the defendant's plea of recoupment or set-off in the oral charge, he had his remedy by requesting charges on the subject.

[Illinois Central Railroad Company, et al. v. Robinson.]

It was a question for the jury as to whether or not the check should have been for $800 instead of $750, and the trial court did not err in refusing the general charge for the defendant as to the item of $50, nor. did the cashing of the check by the plaintiffs preclude or estop the plaintiffs from recovering the $50 if it was to have been paid. As heretofore stated, the suit is not upon the rescission theory, and the retention of or use of the check or horses does not estop the plaintiff from suing upon a breach of warranty or for deceit in the exchange of the property.

There is no basis for assignment of error 18, as the judgment entry shows that the appellant's demurrer to count 3 was sustained.

The issues in this case were properly submitted to the jury, and the trial court did not err in overruling the defendant's motion for a new trial, as the verdict of the jury was not contrary to the great weight of the evidence.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.