(88 South. 748)

## C. D. CHAPMAN & CO. v. G. P. DOWLING HARDWARE CO. (4 Div. 912.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Sales ⬅═442(13)—Measure of damages for breach of warranty stated.**

The measure of buyers' damages for breach of warranty as to quality, suitability, and serviceability of peanut picking machinery was the difference between the actual value of the machinery at the time of delivery to buyers or carriers for their account and its value if it had corresponded to the warranty, with interest on such difference from the date of such breach to the time of the trial; the price received by buyers on a subsequent resale being immaterial.

**2. Sales ⬅═7, 442(13) — Retailer held buyer, not agent; retailer's measure of damages for breach of warranty in action against wholesaler stated.**

Where wholesale dealer in peanut picking machinery agreed with retail dealer to deliver machinery to retail dealer's customers for a price to be paid by retailer of 90 per cent. of the price received from customer, the relation between wholesaler and retailer was that of buyer and seller, and the measure of retailer's' damages for breach of warranty as to quality, suitability, and serviceability was the difference between the value of the machinery as delivered and its value if it had complied with the warranty, with interest on such difference from the date of the breach to the time of trial; the amount received on the resale being immaterial.

**3. Principal and agent ⬅═15 — Wholesaler's salesmen assisting retailer in sales campaign agent of both wholesaler and retailer, as joint principals, in making representations to customer.**

Where wholesale dealer furnished retail dealer a salesman to aid in obtaining orders for resale of goods sold by wholesaler to retailer, and where salesman's regular salary was paid by wholesaler and his expenses during the sales campaign by retailer, the salesman in taking orders was the agent of both wholesaler and retailer, as joint principals in prosecution of a common enterprise, precluding retailer from recovering from wholesaler damages sustained by reason, of the salesman's acts or representations to the customers.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Assumpsit by the G. P. Dowling Hardware Company against C. D. Chapman & Co. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

Eleventh plea of the defendant is as follows:

For further answer to the complaint the defendant says: That the plaintiff was dealing in peanut picking outfits, consisting of pickers, engines, and hay presses, and was selling and offering to sell the same to be used for picking peanuts and baling peanut vines and hay, and while so engaged and dealing in said machines H. O. Dowling, one of the partners composing the plaintiff firm, came to the defendant along in the spring of 1918 and requested the defendant to accept the agency in the sale of said machines. The said H. O. Dowling stated that plaintiff had the agency for the Hustler and Case peanut pickers, and that said machines were good machines; that said pickers were as good as any pickers; that they were as good peanut pickers as the Benthall, and would pick more peanuts and do better work than the Benthall, or any other peanut picker. That plaintiff wanted defendant to take the agency for said machines in defendant's territory, and that plaintiff would send a salesman to sell said machines and would allow the defendant a discount of 10 per cent. on all machines sold. That in pursuance of said proposition plaintiff sent one C. M. Cox to defendant's territory to make said sales, and C. M. Chapman, one of defendants and member of the firm of C. D. Chapman & Co., accompanied the said Cox. That said Cox, as the representative and agent of plaintiff, and acting within the scope of his authority, took the order of one W. C. Jones for a peanut picking outfit, consisting of a Case peanut picker and engine and hay press, for the sum of $1,561. At the time of making said order for said peanut picking outfit the said Cox, as agent of plaintiff, warranted said peanut picking outfit to be made of the best material. That said picker would pick the vines clean, would not break over 1 per cent. of the peanuts, and would pick over 800 bushels of peanuts per day of 10 hours (and took said order addressed to plaintiff). And defendants aver that, relying upon the representation of plaintiff's agent as above set out, they gave an order to plaintiff for said outfit to fill the order of said Jones; that they paid one-third cash and executed notes for the balance; that plaintiff accepted said order and shipped said machinery. And defendants aver that the warranty of plaintiff has been breached in this, that said machinery was not made of the best material; that said peanut picker would break more than 1 per cent. of the peanuts, and would not pick anything like 800 bushels per day of 10 hours, in fact would not pick one-half that amount. And defendants aver that if said machinery had been as represented it would have been worth the sum of, to wit, $1,561, but the machinery as delivered was worth only, to wit, $200, and defendants offer to recoup the difference against the demand of plaintiffs, and pray judgment for the excess.

This same allegation as to a sale for the following parties is made: B. M. Reeves, G. F. Hand, W. C. Register, and E. C. Helms— and like allegations as to warranty, etc., with the claim for set-off in each case.

The demurrers are that it is not shown that H. O. Dowling or C. M. Cox had authority from the plaintiff to make the statements and representations with respect to the subject-matter of the sale, or that Cox was authorized to warrant the property sold; failure to show that in and about making said warranty the said Cox was acting within the scope of his authority; that it does appear that Cox was representing the plaintiff when he made said sale, but, it does appear that Cox took the orders from the purchasers and carried them to the defendants, and that defendants filed the orders with the plaintiffs, and that therefore Cox was the agent of the defendant, and not of the plaintiff.

Chapman & Lewis, of Dothan, for appellant.

A principal, seeking to avail himself of a contract made by an agent, is bound by the agent's acts and representations made in connection with the contract. 105 Ala. 644, 17 South. 336; 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; 104 Ala. 100, 16 South. 29; 104 Ala. 176, 16 South. 46; 83 Ala. 341, 3 South. 680; 203 Ala. 158, 82 South. 188; 7 Ala. App. 351, 62 South. 263. There was an implied warranty that the article sold was reasonably fit for the purposes for which it was made. 72 Ala. 289; 83 Ala. 336, 3 South. 680; 14 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88; 59 Ala. 648; 89 Ala. 111, 7 South. 841; 187 Ala. 629, 65 South. 962; 139 Ala. 359, 36 South. 12. Court erred in its charge as to the element of damage. 189 Ala. 575, 66 South. 511; 27 Ala. 602; 69 Ala. 111, 44 Am. Rep. 509; 117 Ala. 312, 23 South. 75; 11 Ala. 32; 29 Ala. 668; 30 Ala. 283.

W. O. Mulkey, of Geneva, for appellee.

The court properly charged as to the measure of damages. 99 Ala. 230, 13 South. 765; 71 Ala. 429, 46 Am. Rep. 326; 68 Ala. 66, 44 Am. Rep. 134; 99 Ala. 331, 13 South. 51; 114 Ala. 343, 21 South. 488; 4 Ala. 700, 39 Am. Dec. 317; 34 N. Y. 634, 90 Am. Dec. 753. There was nothing to adjust as between Chapman and the plaintiff, if there was not between Chapman and his customer. 4 Ala. 700, 39 Am. Dec. 317; 257 Ill. 38; 100 South. 290, Ann. Cas. 1914A, 820. Parties got what they bought. 24 R. C. L. § 475.

McCLELLAN, J. The appellee (plaintiff), Dowling Hardware Company, a dealer in peanut picking machinery, sued the appellants (defendants), a firm selling hardware machinery to the retail trade, stating its case in counts declaring on promissory notes executed by the defendants to the plaintiff for such machinery, and also on an account for that character of goods sold by the plaintiff to the defendants. In addition to general traverse, the defendants filed numerous special pleas seeking the benefit of set-off and

recoupment, based on breaches of warranty in the sale of that machinery for which these notes were given and the account incurred. Issue was joined on pleas 1, 2, 3, 4, 14, 15, 16, and 17, and defendants' (appellants') demurrer was sustained to special replications 2 to 9, inclusive. These pleas asserted breaches of warranty in respect of the quality, suitability, and serviceability of the machinery for the purpose it was intended to serve.

Upon the conclusion of the evidence the court, at the request of the plaintiff, instructed the jury restricting defendants' recovery on its pleas of recoupment to nominal damages only; and in accordance therewith the jury returned a verdict for one cent damages on defendants' cross-action. The giving of this instruction by the court confines the review here solely to questions that affected or affect the amount of damages recoverable; the liability of the plaintiff for damages claimed by the defendants being affirmed, in effect, in the postulate of the special instruction so given. Donovan v. Railroad Co., 79 Ala. 429; Carrington v. Railroad Co., 88 Ala. 472, 6 South. 910; Randle v. Birmingham Ry. Co., 169 Ala. 314, 318, 53 South. 918.

[1] Given the liability of the plaintiff for the breaches averred in the pleas enumerated, the minimum measure of defendants' (cross-plaintiffs') recoverable damages was the difference between the actual values of the chattels at the respective times of their deliveries to the defendants, or to the carriers for their account, and the values of the respective chattels had they corresponded to the warranty averred, with the interest on such difference from the date of such breaches to the time of the trial. Foster v. Rodgers, 27 Ala. 602; Milton v. Rowland, 11 Ala. 732, 738, 739; Willis v. Dudley, 10 Ala. 933, 941–943 (majority opinion); Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4; Stewart v. Riley, 189 Ala. 519, 66 South. 488; Ward v. Reynolds, 32 Ala. 384, 393. In this latter case—a sound deliverance—is discriminated the applicability of the rule for the admeasurement of damages where the subject of the sale proves to be entirely valueless and the rule in cases where, as here, the subject of the sale is not shown to have been valueless. It is in cases in the former category, as well as where there has been a failure to deliver at all, that the equation is based on the price paid or agreed on in the contract of purchase. The minority and majority opinions in Willis v. Dudley, supra, present the argument for and against the view that value, not the "price stipulated," is the proper factor in the rule which is held applicable to the cause under review. In Milton v. Rowland, supra, the reiterated doctrine of Willis v. Dudley (erroneously there referred to as "Anderson & Willis v. Dudley") is approved, and the pronouncement in Hogan v. Thorington, 8 Port. 428, is defined; but the court held (11

Ala. 739) that the price received at a subsequent fair resale by the buyer was some evidence (not conclusive) of the value of the chattel at the time of the breach. This particular declaration has not, so far as we are advised, been since reaffirmed. The recent ruling in Stewart v. Riley, 189 Ala. 519, 521, 522, 66 South. 488, is that the price received on a subsequent fair resale is immaterial and irrelevant to the issues where the stated measure of damages applies. L. & N. v. Smith, 163 Ala. 141, 158, 50 South. 241, consists with the like principle. This latterly established rule we regard as the sounder of the two, and, besides, accords with the weight of well-considered authority elsewhere. Ellison v. Johnson, 74 S. C. 202, 54 S. E. 202, 5 L. R. A. (N. S.) 1151, and note; Western Twine Co. v. Wright, 11 S. D. 521, 78 N. W. 942, 44 L. R. A. 438, 441; 24 R. C. L. 240; 3 Sutherland on Damages (3d Ed.) § 670, and notes.

[2] There is nothing in the contract between the parties to this suit that would render the stated rule for the measurement of damages inapplicable. The relation between these parties was that of seller and buyer. Russell v. McSwegan (Sup.) 84 N. Y. Supp. 614. The defendants (retailers) bought from the plaintiff (the dealer) outfits for peanut picking, to be shipped on the orders of the defendants by the plaintiff. The price at which the outfits should be resold by the defendants to their customers was stipulated; and the defendants were to pay the plaintiff for the machinery the defendants ordered and received at 10 per cent. discount of the stipulated price at which the defendants should resell to their customers; the terms being one-third cash on delivery and the other two-thirds secured by notes in equal installments. The orders that were given and the deliveries made consisted alone with the sale by the plaintiff to the defendants of the machinery ordered. The evidence leaves in no doubt this fact. There was another feature to the contract which will be presently stated. The mere fact that the resale price was fixed by the agreement of the parties and that the defendants' profit in the transaction was limited to 10 per cent. of such stipulated price did not operate to restrict the measure of damages to which the defendants would be entitled upon a breach or breaches of an express or implied warranty in the sale of this machinery by the plaintiff to the defendants. There is nothing in the contract that indicates in any degree that the measure of damages for breaching the warranty would be otherwise than the law establishes in such cases. The case of Salle v. Light, 4 Ala. 700, 39 Am. Dec. 317, is without bearing in this instance. There the action was for breach of warranty of title, and to justify a recovery deprivation through title paramount of the thing sold must have been averred and shown; and necessarily the measure of re-

coverable damages in such case could not exceed the injury suffered by the loss of the property as a result of the exertion of a superior title.

The court erred, therefore, in affirmatively restricting the recovery to nominal damages under the cross-action stated in the pleas enumerated, all of which were designed to assert breaches of warranty as between the seller (the plaintiff) and the buyer (defendants), unaffected by the acts or representations of Cox in selling the machines to customers of the buyer, whose legal relation of agency in the premises will be stated.

[3] As a part of the contract of sale, made in anticipation of the orders by defendants to the plaintiff looking to a resale by the defendants to their customers, the seller (plaintiff) engaged to supply its employee to sell their (defendants') machinery to purchasers acceptable to the defendants. Cox was furnished for this purpose, and one of the defendants accompanied him on his sales campaign, in which the customers' orders, addressed to the defendants, were taken by Cox, turned over to the defendants, and thereupon the defendants would and did make their orders to the plaintiff for delivery of the machinery to the defendants in accordance therewith. Cox's regular salary was paid by the plaintiff, and, in accordance with the agreement, the defendants furnished or defrayed the expenses of his board while on the sales campaign, though the plaintiff's evidence went to show that the defendants engaged to furnish transportation also for Cox, the selling agent. This arrangement constituted Cox the agent of both the plaintiff and the defendants, as joint principals, in the prosecution of a common, allied business or enterprise (1 Mechem on Agency [2d Ed.] § 182 et seq.); and hence the acts or representations of Cox in securing orders from customers to the defendants (to be in turn translated into orders by the defendants to the plaintiff on defendants' own account) could not operate to impose liability upon the plaintiff to account to the defendants (coprincipals) for damnifying consequences that might have resulted from Cox's acts or representations to the customers of the defendants. Plea 11 avers warranties made by Cox to induce purchases from the defendants, not warranties made by Cox to the defendants as the representative of the plaintiff. Being the agent of the joint principals in the premises, the defendants must share the consequent responsibility of such representations by Cox, particularly when it appears (plea 11) that the warranties averred as having been made by Cox were to the customers of the defendants, in the presence of one of the defendants.

There was no error in sustaining the demurrer to plea 11.

For the error in giving the special charge

mentioned, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.