**ATTALLA OIL & FERTILIZER CO. et al. v. GODDARD et al. (7 Div. 293.)**

(Supreme Court of Alabama. April 6, 1922.)

**1. Sales ⚙⟹251—Good faith of seller immaterial as respects liability for breach of warranty.**

As respects liability for breach of warranty of a contract of sale, the good faith of the seller in making the contract is immaterial.

**2. Fraud ⚙⟹4—Good faith of seller material.**

In a count for deceit in the sale of chattels, the good faith of the seller in making the representation is material.

**3. Fraud ⚙⟹47—Averment of injury essential.**

In an action by the buyer for deceit of the seller, the buyer must aver that he was induced to act to his prejudice by the false representations.

**4. Sales ⚙⟹434—Count for breach of warranty held in proper form.**

A count for breach of warranty in the sale of cotton seed meal as containing a certain percentage of ammonia and protein, which averred that the meal did not contain such percentages, but greatly less percentages, and stated damages that the meal of the grade which was delivered was worth $20 per ton less than the grade warranted, *held* substantially in the form of Code 1907, § 5382, form 22, and not demurrable.

**5. Sales ⚙⟹430—That buyer sustained no loss held no defense for breach of warranty.**

That the cotton seed meal was sold to plaintiffs as merchants for resale, and that a portion thereof was resold without loss, and that for the balance unsold was substituted a like quantity of the quality warranted in the sale, is no defense to an action for breach of warranty as to quality.

**6. Sales ⚙⟹442(2)—Measure of damages for breach of warranty stated.**

The measure of damages for breach of warranty of quality is the difference between the actual value of the goods at the time of delivery to buyer or to carrier for his account and the value if the goods had corresponded to the warranty; the price received by the buyer on resale being immaterial.

**7. Evidence ⚙⟹16—Court takes judicial knowledge of abbreviations "S/D B/L."**

The courts of this state will take judicial knowledge that the abbreviation "S/D B/L" in a contract of sale means sight draft—bill of lading attached.

**8. Sales ⚙⟹8—Contract held one of sale and not of brokerage.**

Where the manufacturer sold goods to a brokerage firm, who resold them to plaintiff on entirely different terms, the contract between the manufacturer and the brokerage firm was a contract of sale, and not of brokerage.

**9. Sales ⚙⟹255—Manufacturer is not liable for seller's breach of warranty in absence of privity of contract.**

Where a manufacturer sold goods to a brokerage firm, who in turn sold the goods to plaintiff, the goods being shipped to plaintiff by the manufacturer, the fact that tags containing a statement as to quality were placed on the goods would not make the manufacturer liable to plaintiff for a breach of warranty as to quality, in the absence of privity of contract between them.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by the individuals composing the firm of Goddard Bros. against the Attalla Oil & Fertilizer Company and others, for damages for deceit in the sale of articles, breach of warranty, etc. There was judgment for the plaintiff, and the defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The following are the counts of the complaint referred to in the opinion:

(2) The plaintiffs claim of the defendant the sum of $500 damages, for that, whereas, on the ——— day of May, 1919, the defendants sold and delivered to the plaintiffs one carload of cotton seed meal, which the defendants falsely and fraudulently represented to contain 7 per cent. ammonia and 36 per cent. protein, when in fact the said cotton seed meal had only 4.84 per cent. ammonia and only 24.88 per cent. protein in it, and said false and fraudulent representations were acted on by these plaintiffs; that there were 30 tons of said cotton seed meal in said car. And this 7 per cent. ammonia and 36 per cent. protein is worth per ton $16 more than the 4.84 per cent. ammonia and the 24.88 per cent. protein meal.

(3) The plaintiffs claim of the defendants the sum of $500 damages for a breach of warranty in the sale of 30 tons of cotton seed meal by the defendants to the plaintiffs on the ——— day of May, 1919, which the defendants warranted to contain 7 per cent. ammonia and 36 per cent. protein when in fact said cotton seed meal contained only 4.84 per cent. ammonia and 24.88 per cent. protein. And the said meal of the latter grade at the time of said sale to plaintiffs by defendants was worth $20 per ton less than the former grade.

(4) The plaintiffs claim of the defendants the sum of $500 due from the defendants to the plaintiffs for the money received by the defendants to the use of the plaintiffs on the ——— day of May, 1919, with the interest thereon due and unpaid.

The following are the pleas interposed by the defendant:

(2) For further answer to the complaint, and each count thereof, separately and severally, each of the defendants says that said carload of cotton seed meal referred to therein consisted of 450 sacks, in the sale of which he sustained no loss from the amount they paid the

defendant, and that defendants substituted 50 sacks for the remaining sacks unsold by the plaintiff, and from the sale of which said substituted 50 sacks, plaintiffs sustained no loss.

(3) For further answer to the complaint, and each count thereof, separately and severally, each of the defendants says that the plaintiffs were conducting a mercantile establishment in the town of Oneonta, Ala., and they purchased said carload of cotton seed meal referred to in the complaint as such merchants, and to be sold by them to their customers; that the said carload of cotton seed meal consisted of 400 sacks; that the plaintiffs, in the conduct of said mercantile establishment, and in the due course of trade, sold of said 400 sacks 350 sacks to their customers, in the sale of which they sustained no loss from the amount they paid the defendants, but made their usual profits thereon, and that the defendants substituted 50 sacks for the remaining 50 sacks of said cotton seed meal unsold by the plaintiffs, and that the plaintiffs sold said substituted sacks at a profit, and sustained no loss in the sale of said 50 sacks on account of the wrongs in their complaint alleged, wherefore plaintiffs are not entitled to recover.

Hood & Murphree, of Gadsden, for appellants.

Count 2 did not aver that the defendants or their agents knew or had knowledge that the alleged false and fraudulent representations were untrue at the time, nor does it sufficiently aver plaintiffs' damages. 17 Ala. App. 310, 85 South. 593. The court erred in refusing to charge the jury that plaintiffs were not entitled to recover damages unless they had sustained injury or loss. 30 Ala. 711; 131 Ala. 215, 31 South. 430; 186 Ala. 502, 65 South. 321; 202 Ala. 51, 79 South. 389. Unless there was privity of contract between the defendants and the plaintiffs, or unless the defendants sold the cotton seed meal direct, it would not be liable for breach of warrant. 205 Ala. 291, 88 South. 23. The law does not require that the manufacturer put upon the sack the tag and analysis, but only requires that certain of the chemical elements to be stated on the tag. Acts 1911, p. 104. Written charges 5, 10, and 11 should have been given, as well as written charges 1, 6, and 12. 201 Ala. 524, 78 South. 878; 167 Ala. 426, 52 South. 657, Ann. Cas. 1912A, 510.

Russell & Johnson, of Oneonta, for appellees.

The court properly overruled demurrers to the complaint. Sections 2469, 5382, Code 1907; 10 Ency. of Proc. 57. The court properly sustained demurrers to the special pleas. 20 Cyc. 136; 35 Cyc. 475; (D. C.) 196 Fed. 709. There was a breach of warranty. 35 Cyc. 385.

THOMAS, J. The trial, had upon counts 2, 3, and 4, resulted in verdict and judgment in favor of the plaintiff. Count 1 was eliminated by the charge of the court.

[1-3] The sufficiency of count 2 was challenged by demurrer, on the ground that it does not appear that defendants knew at the time they made said alleged false and fraudulent representations that said cotton seed meal contained only 4.84 per centum of ammonia, instead of 7 per centum, and only 24.84 per centum of protein, instead of 36 per centum. Thus is raised the question of sufficiency of the count as for deceit in sale of chattels. Distinction must be observed between a count for a breach of warranty, express or implied, in a contract of sale of chattels, and that for deceit therein. In the former the good faith of the seller in making the contract is immaterial, the inquiry being: Was there a contract of warranty and has it been breached? In the latter the good faith of the seller in making the representation is material. When count 2 is duly tested by demurrer, it fails to aver that the plaintiffs were induced to act to their prejudice; there was error in overruling the same.

[4] Count 3 declared for a breach of warranty in the sale of 30 tons of cotton seed meal by the defendants to plaintiff as containing percentages of ammonia and protein therein indicated, and contained the averment that, in fact, said cotton seed meal did not contain such percentage, but a greatly less percentage, and the statement of the damages was:

"And the said meal of the latter grade at the time of said sale to plaintiffs by defendants was worth $20 per ton less than the former grade."

We are of opinion that count 3, in substance, is in code form (section 5382, form 22); and there was no error in overruling demurrer thereto.

[5] Assignment of error challenged the correctness of the ruling of the trial court in sustaining demurrer to pleas 2 and 3, whereby defendants sought to set up as a defense that plaintiff had sustained no damage or injury. Upon the introduction of evidence, defendants sought to show that plaintiffs as merchants had sustained no damage in respects indicated, and a statement in the oral charge, to the effect that the fact that plaintiff had sustained no loss did not affect the right of recovery, was reserved by exception. The same question was raised by the refusal of written charge No. 16 requested by defendants. It is desirable that these several rulings and exceptions pertaining to this attempted defense by defendants be considered together. There was no error in sustaining demurrer to plea 3 and the attempted defense showing that the cotton seed meal was sold to plaintiff as merchants for resale; that the 350 sacks thereof were

resold to customers by, and without loss to, plaintiff, and the balance was substituted by defendants for a like quantity or number of sacks of meal containing the percentages of ammonia and protein warranted in the sale. This is the justice and the law of damages in actions of assumpsit and fraud (Lowery v. Mutual Loan Soc., 202 Ala. 51, 79 South. 389, assumpsit; Baker v. Lehman, Weil & Co., 186 Ala. 493, 65 South. 321, assumpsit; Bomar v. Rosser, 131 Ala. 215, 31 South. 430, action on promissory note) where the rulings have been rested on the general statement that—

"Fraud, without damage, gives no cause of action; but when these two do concur, and meet together, there an action lieth." Overdeer v. Wiley, Banks & Co., 30 Ala. 709, 711.

[6] The foregoing rule as to liability, or the extent thereof, is not the measure of damages where the action is for breach of a warranty, express or implied, inherent in the contract. In an action therefor the measure of "buyers' damages for breach of warranty as to quality, suitability, and serviceability * * * [by manufacturers] was the difference between the actual value [of the chattel] * * * at the time of delivery to buyers or carriers for their account and its value if it had corresponded to the warranty, with interest on such difference from the date of such breach to the time of the trial; the price received by buyers on a subsequent resale being immaterial." Chapman & Co. v. Dowling Hdw. Co., 205 Ala. 586, 88 South. 748; Stewart v. Riley & Johnson, 189 Ala. 519, 521, 66 South. 488; L. & N. v. Smith, 163 Ala. 141, 158, 50 South. 241. There was no error in the several rulings as to the measure of damage under count 3 for breach of warranty.

[7] The evidence shows that the car of cotton seed meal in question was sold by Attalla Oil & Fertilizer Company, a corporation (which manufactured same), to the Gadsden Brokerage Company, brokers who procured same to be shipped to Goddard Bros., partners doing a general mercantile business at Oneonta, and who sold 350 sacks of same. The brokerage company selling the meal to Goddard Bros. drew a sight draft on them, with bill of lading attached, for the purchase price thereof, which was paid by last purchaser. The car was unloaded and received in the store of Goddard Bros., who disposed of it in due course of their mercantile business. The invoice read:

"Gadsden Brokerage Company, Gadsden, Ala. 4/18/19. In account with Goddard Bros., Oneonta, Ala. Terms: S/D B/L."

We take judicial knowledge that this abbreviation means "sight draft—bill of lading attached." Cochran v. State, 206 Ala. 74, 89 South. 278.

207 ALA.—19

[8] The president of the Gadsden Brokerage Company testified that his corporation ordered the meal from Attalla Oil & Fertilizer Company, with which it had contracted to ship "order notify"; that it was not a brokerage, but of sale and payment made to the former corporation by Attalla Oil & Fertilizer Company in due course, the invoice being:

"Attalla Oil & Fertilizer Co. Golden Rod Brands, Gadsden, Ala. 4/18/1919. Sold to Gadsden Brokerage Co.; address, Gadsden, Ala. Ship to Goddard Bros.; address, Oneonta, Ala. Terms, draft due 4/30/19, car No. & initial NH86480. 400 Bags 7 per cent Meal CS at $55.20. $1,104.00. Interest 12 days $3.00, $1,107.00."

The respective invoices are on wholly different terms, the former being sight draft with bill of lading attached, the latter shipped to "order notify" by authority of Gadsden Brokerage Company, after being sold to them on terms due April 4, 1920, interest for 12 days, etc. This shows a contract of sale by Attalla Oil & Fertilizer Company to Gadsden Brokerage Company, and not a contract of brokerage.

[9] Unless there was a privity of contract between defendants Attalla Oil & Fertilizer Company, a corporation, and plaintiff Goddard Bros., a partnership, the former corporation was not liable to Goddard Bros. on a breach of warranty. That is to say, the mere fact that Attalla Oil & Fertilizer Company placed tags on the sacks of meal that it sold Gadsden Brokerage Company, containing the statement that it was 7 per cent., etc., and that the meal was resold by the brokerage corporation to Goddard Bros. as merchants, for resale by that partnership, without more, did not render the manufacturer liable to Goddard Bros. on warranty of its quality, in the absence of contract or privity of contract with Goddard Bros. The inquiry then is: Were parts of the oral charge to which exception was reserved, as to duty and liability of Attalla Oil & Fertilizer Company on the warranty to Goddard Bros. free from error when considered with other given instructions?

In Jones v. Gulf States Steel Co., 205 Ala. 291, 88 South. 21, 23, the conclusion is announced that a stranger to a contract may recover only in actions ex delicto as for a breach of some duty not arising from the contract; that, where there is no privity of contract between plaintiff and defendant, a recovery may not be had for a breach of an implied warranty or for a breach of duty growing out of the contract. Ellis v. Birmingham W. W. Co., 187 Ala. 552, 65 South. 805; Lovejoy v. Bessemer W. W. Co., 146 Ala. 374, 41 South. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068, 1070; Second Nat. Bank v. Grand Lodge, etc., 98 U. S. 123, 25 L. Ed. 75; Fisher v. Water Supp. Co., 128 N. C.

375, 38 S. E. 912. The case of Guardian Trust Co. v. Fisher, 200 U. S. 57, 26 Sup. Ct. 186, 50 L. Ed. 367, did not overrule that of Second Nat. Bank v. Grand Lodge, etc., supra, for the reasons stated in German Alliance Ins. Co. v. Home Water Supp. Co., 226 U. S. 220, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000; Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531. Under the evidence, assignment of error numbered 12 is well taken as to Attalla Oil & Fertilizer Company. Nor is there a joint breach of warranty shown. The case should be retried.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.