(100 So. 910)

**ROBINSON v. STEVERSON. (6 Div. 150.)**

(Court of Appeals of Alabama. Nov. 13, 1923. Rehearing Denied April 8, 1924. Reversed after Mandate June 12, 1924.)

**1. Appeal and error ☞537—Bill of exceptions not presented within 90 days ineffectual to review original judgment.**

Where bill of exceptions was not presented within 90 days from judgment, it cannot be considered in connection with judgment in main trial.

**2. Appeal and error ☞384(2)—Appeal held to be from original judgment and not from order denying new trial.**

Where appeal was taken by giving security for costs, under Acts 1919, p. 84, unless it appears from such security that appeal was from judgment on motion as distinguished from original judgment, rulings on motion cannot be considered, and appeal must be held to be from original judgment.

**3. Sales ☞428, 435(1)—Plea held to set up breach of warranty, and hence to allege proper set-off.**

In action on common counts for lumber sold, plea held to set up breach of warranty in delivery of lumber contracted to be sold, and, under Code 1907, § 5858, defendant was entitled to have claim therefor adjudicated, and such amount as was found to be justly due him offset against plaintiff's claim.

**4. Sales ☞404—Buyer may accept or refuse goods, but if he accepts cannot claim breach of contract.**

Where goods tendered as being the goods purchased do not correspond with conditions of sale contract, buyer may accept or refuse, but may not do both; and, if he accepts goods and they fail to come up to standard, his remedy is for breach of warranty and not for breach of executory contract.

**5. Pleading ☞8(7)—Substance of warranty and facts of breach must be stated.**

Where buyer alleges breach of warranty, substance of warranty must be stated and breach pleaded according to facts, by showing particular in which lumber failed of specifications in view of Code, 1907, § 5382, form 22, and mere conclusion of pleader is insufficient.

**6. Pleading ☞362(1), 428(2)—Trial ☞145—Method of reaching averments in cross-action claiming damages not recoverable stated.**

Proper method to reach averments in cross-action claiming damages not recoverable in complaint is by motion to strike, by objections to testimony, or by appropriate written charges, which methods may be pursued separately or jointly.

**7. Sales ☞442(2)—Measure of damages for breach of warranty stated.**

Damages recoverable by buyer for breach of warranty is difference between agreed price at time of delivery and their market value if they had been as warranted, or, in other words, buyer must pay reasonable market value.

**8. Sales ☞442(6, 7)—Inconvenience and expense in connection with lumber not recoverable for breach of warranty.**

Where buyer claimed breach of warranty of lumber, damages for his inconvenience and expense in getting it to its destination, having it prepared for uses for which it was ordered, and inconvenience and expense in procuring kind and quality of lumber ordered, were not recoverable.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action on common counts by W. C. Robinson, doing business as the Robinson Lumber Company, against J. M. Steverson. From a judgment for plaintiff for nominal damages, plaintiff appeals. Reversed and remanded.

Certiorari denied by the Supreme Court in Ex parte Steverson, 211 Ala. 597, 100 South. 912.

Rudulph & Smith, of Birmingham, for appellant.

A plea of set-off for damages should be framed with such certainty of the statement of the facts as will enable it to be understood by the party who is to answer it, the jury, and the court. Posey v. Hair, 12 Ala. 567; Shields v. Sheffield, 79 Ala. 91; Weller & Co. v. Camp, 169 Ala. 278, 52 South. 929, 28 L. R. A. (N. S.) 1106; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 South. 361. When personal property is tendered by the vendor to the vendee, which does not correspond with the conditions of the contract of sale, the buyer may accept or refuse the same, but he is not permitted to do both. Stephenson v. Allison, 123 Ala. 439, 26 South. 291;

Harrison v. Railway Co., 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804; Elliott v. Howison, 146 Ala. 568, 40 South. 1018; Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; Frith v. Hallen, 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54. The measure of the buyer's damage for breach of warranty is the difference between the actual value of the articles at time of delivery and their value if they had corresponded with the warranty, with interest. The defendant could not set off the costs of supplying other goods. Chapman v. Dowling Co., 205 Ala. 586, 88 South. 748; Attalla Oil & Fert. Co. v. Goddard, 207 Ala. 287, 92 South. 794.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The seasonable presentation of a bill of exceptions is a jurisdictional fact, and a failure therein is fatal. Code 1907, § 3019; King v. Hill & Shafer Co., 163 Ala. 422, 51 South. 15; Box v. So. Ry. Co., 184 Ala. 598, 64 South. 69; General Ordinance Co. v. Bowen, 209 Ala. 574, 96 South. 753; Sharpe v. Hughes, 202 Ala. 510, 80 South. 798. There was no specific appeal from the decision on motion for new trial, and the bill of exceptions not having been presented in time to review the original judgment, the appellate court will not review the decision of the trial court on the motion for new trial. Henry v. Couch, 132 Ala. 570, 31 South. 463; Mobile v. Murphree, 96 Ala. 141, 11 South. 201; McMillon v. Skelton, 208 Ala. 693, 95 South. 148; Sloss Co. v. Sampson, 204 Ala. 240, 85 South. 501. The refusal to grant a motion to strike elements of damages from a complaint or plea is never reversible error, as the party may protect himself against recovery of such damages, by objections to evidence, or by special charges. Vandiver v. Waller, 143 Ala. 411, 39 South. 136; Goldsmith, Forcheiner & Co. v. Picard, 27 Ala. 142; Marx v. Miller, 134 Ala. 347, 32 South. 765; Davis v. L. & N., 108 Ala. 662, 18 South. 687; Daughtery v. A. U. T. Co., 75 Ala. 168, 51 Am. Rep. 435; C. & W. Ry. Co. v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; Worthington & Co. v. Gwin, 119 Ala. 44. 24 South. 739, 43 L. R. A. 382; Brookside-Pratt v. McAllister, 196 Ala. 110, 72 South. 18; National Surety Co. v. McConnell, 202 Ala. 684, 81 South. 660; Plylar v. Jones, 207 Ala. 372, 92 South. 445. The expense of replacing goods in the nearest available market is a proper consideration in determining what would be the value of lumber shipped. Carolina-Portland Cement Co. v. Ala. Const. Co., 162 Ala. 380, 50 South. 332; Columbia Motors Co. v. Williams, 209 Ala. 640, 96 South. 900; McFadden v. Henderson, 128 Ala. 221, 29 South. 640; Watson v. Kirby, 112 Ala. 436, 20 South. 624. Where seller has knowledge of special use to which article is to be put, defects rendering it worthless for such purpose may be considered in determining buyer's damage. W. U. Tel. Co. v. Jackson, 187 Ala. 629, 65 South. 962; Chapman v. Dowling Co., 205 Ala. 586, 88 South. 748; Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Ward v. Reynolds, 32 Ala. 384.

SAMFORD, J. [1] The judgment was rendered on the 22d day of February, 1922, and the bill of exceptions was not presented until the 2d day of September, 1922. This being more than 90 days from the rendition of the judgment, the bill of exceptions cannot be considered in connection with the judgment in the main trial. McMillon v. Skelton, 208 Ala. 693, 95 South. 148.

[2] Security for costs of appeal was taken and approved July 3, 1922, in the following language: "We hereby acknowledge ourselves security for costs of appeal in the above case," etc. The citation of appeal recites: "Whereas W. C. Robinson, doing business as Robinson Lumber Company, has taken an appeal from the circuit court of the county of Jefferson in the cause of W. C. Robinson, doing business, etc., against J. M. Steverson," etc. The certificate of the clerk, after reciting a complete transcript, further certified that "plaintiff prayed for and obtained an appeal to the present term," etc. One of the modes provided for taking appeals is (Acts 1919, p. 84, § 1[b]) "by giving security for the costs of the appeal, to be approved by the clerk or register or court." It being therein provided that the giving and approval of the security shall "show" that the appeal was taken, it would appear that the security for costs must be looked to in order to determine from which judgment the appeal is taken, and, unless there appears to be an appeal from the judgment upon the motion as distinguished from the original judgment, the trial court's rulings on the motion cannot be considered by the appellate court. McMillon v. Skelton, supra. The appeal in this case must be held to be from the original judgment. This leaves us only to consider the pleadings in the case as shown by the record.

The complaint was in seven counts, claiming on the common counts for merchandise and money had and received and by an added count on an account stated.

[3] To these several counts, besides the general issue the defendant interposed plea 3 as follows:

"Defendant avers that heretofore, to wit, on the 17th day of April, 1920, defendant gave an order to plaintiff who was engaged in the business of cutting or manufacturing lumber, a substantial copy of which order is hereto attached marked Exhibit A, that plaintiff undertook and agreed for the consideration therein expressed to fill said order, and defendant has paid plaintiff all or a large part of the price agreed upon, and plaintiff did undertake to fill said order by shipping, and he did ship on said order a certain amount of lumber, to wit, a carload of lumber, to wit, car P. L. E. No. 6430.

"Defendant avers that plaintiff breached said

agreement, in that said lumber so shipped by plaintiff was not such as ordered by defendant, and plaintiff did not furnish such lumber as was ordered by defendant and as plaintiff agreed to furnish as aforesaid.

"As a proximate consequence of said breach, defendant lost the amount of money so paid to plaintiff, and defendant was put to great trouble, inconvenience, and expense in or about getting said lumber to its destination and in or about having same prepared for the use of which it was ordered from plaintiff, and said lumber was rejected by defendant's customer for whom defendant ordered said lumber from plaintiff, viz. Central of Georgia Railway Company, and said lumber was worthless to defendant and lost to him, and plaintiff was put to great trouble, inconvenience and expense in and about procuring the quantity, kind, and quality of lumber ordered by defendant from plaintiff as aforesaid. All to the damage of defendant in the sum of $5,000, which he offers to offset against the claim of plaintiff sued on, and he claims judgment for the excess.

"Harsh, Harsh & Harsh, Attys. for Deft."

"Exhibit A.

"Robinson Lumber Company, Calera, Ala.:
"Positive shipment inside 10 days.
"1387.
"M–10–20.                                April 17, 1920.
"Central of Georgia Railroad.
"Birmingham, Ala.

"Please enter the above-numbered order and ship the following material, to be sound and square oak, any variety, free from any unsound or loose knots, or any other defect that would impair the strength of the piece, and to be well manufactured.

"Sound and Square Oak.
38 Pcs. 10x12"—20'
40  "      4x10"—20'
37  "      6x8"—20'

"Price to be per M $50.00 f. o. b. cars mill.
"You to guarantee grade and count at destination.

"I am sending you this as per phone instructions from your Mr. Calloway, at Calera, this date.

"As I told you while in the office Friday, this can be cut from any variety of oak, but I trust you will see that it is good stuff, and well manufactured, as this is for a new freight house for the C. of Ga., and they asked that we ship good stuff.

"Please acknowledge receipt of the order on the inclosed card, stating the very earliest shipment you can make.

"Yours very truly,       J. M. Steverson."

[4] To this plea the plaintiff demurred, assigning many grounds of demurrer, unnecessary for us to here set out. The trial court considered this plea as setting up a breach of warranty, and we think in this conclusion the trial court was correct. Construing the plea most strongly against the pleader, there is an allegation of purchase of lumber of certain specifications, to be delivered to Central of Georgia Railway at Birmingham, a delivery of a car of lumber in attempted compliance with the terms of purchase, an assumption of control over the lumber by defendant, a preparation of the lumber by defendant for the uses for which it was ordered, and a tender by defendant to its customer of the lumber in its changed condition. Where goods are tendered by the vendor to the vendee, as being the goods purchased, and such goods do not correspond with the conditions of the contract of sale, the buyer may accept or refuse the same, but he is not permitted to do both. Stephenson v. Allison, 123 Ala. 439, 26 South. 290. If the buyer accepts the goods, and such goods fail to come up to the standard, the remedy is for a breach of warranty and not for the breach of an executory contract. Roden Gro. Co. v. Gipson, 9 Ala. App. 168, 62 South. 388; Con. Jewelry Co. v. Pugh, 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657. Being a plea claiming for a breach of warranty in the delivery of the lumber contracted to be sold, the defendant was entitled by proper plea to have this claim adjudicated in this suit and such amount as was found to be justly due him offset against the claims of plaintiff. Code 1907, § 5858.

[5] While giving to the defendant this right, the law requires of the defendant that he state his cause of cross-action in such terms as to apprise the plaintiff of his claims, and not in general terms to state his conclusions that a breach had occurred. In alleging a breach of warranty, the substance of the warranty must be stated, and the breach according to the facts, and not the mere conclusion of the pleader. Greer v. Malone-Beall Co., 180 Ala. 602, 61 South. 285. The lumber ordered by defendant was specified and described in the exhibit to the plea, so also the plea should have specified in what particular the lumber failed of the specifications. Code 1907, § 5382, form 22. While our statute enlarges the subject of set-off, it does not relieve the defendant from disclosing a state of facts such as would entitle the party pleading to an action, if he were suing as plaintiff. Crawford v. Simonton, 7 Port. 110.

[6] Coming now to the questions raised by the motion to strike from plea 3 certain claims for damages: The proper way to reach averments in a cross-action claiming damages not recoverable in the complaint is by motion to strike, by objections to testimony, or by appropriate written charges. These may be pursued, either separately or jointly. 10 Mich. Dig. p. 1042, par. 106; Carolina P. C. Co. v. Ala. Const. Co., 162 Ala. 380, 50 South. 332.

[7, 8] The measure of damages recoverable by a buyer for breach of warranty in the sale of personal property is the difference between the agreed price of articles at the time of delivery, and their market value, if they had been as warranted. In other words, if the buyer receives the articles purchased and retains them, he must pay their reason-

able market value and no more. Chapman v. Dowling, 205 Ala. 586, 88 South. 748; Attalla Oil & Fert. Co. v. Goddard, 207 Ala. 287, 92 South. 794. In his cross-action for a breach of warranty, defendant was not entitled to recover damages, for:

"Inconvenience and expense in and about getting said lumber to its destination; having same prepared for the uses for which it was ordered; inconvenience and expense in and about procuring the quantity, kind and quality of lumber ordered."

These damages might have been recoverable in an action for the breach of an executory contract, by proper allegations and proof, but not here. Caffey v. Ala. Mac. & Supply Co. (Ala. App.) 96 South. 454.[1] The motion of plaintiff to strike from the plea the above items of damage should have been granted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

SAMFORD, J. Opinion modified to meet the views of the Supreme Court in Ex parte Steverson, 211 Ala. 597, 100 South. 912.

